[No. 23230-8-II.   Division Two.   February 12, 1999.]

OVERHULSE NEIGHBORHOOD ASSOCIATION, ET AL., *Appellants*, v. THURSTON COUNTY, ET AL., *Respondents*.

*Eitan K. Yanich* of *Elie Halpern & Associates, P.S.*, for appellants.

*Allen T. Miller, Jr.*, of *Connolly, Holm, Tacon & Meserve*; and *Edward G. Holm, Prosecuting Attorney*, and *Elizabeth Petrich, Deputy*, for respondents.

ARMSTRONG, A.C.J. — Overhulse Neighborhood Association appeals the dismissal of its land use petition. Overhulse failed to timely serve the Thurston County Auditor as required by the Land Use Petition Act (LUPA), RCW 36.70C. Instead, Overhulse incorrectly served the Thurston County Board of Commissioners. Finding it lacked jurisdiction to hear the petition, the superior court granted Thurston County's motion to dismiss. Overhulse argues on appeal: (1) the superior court erred in failing to find substantial compliance with the service requirements of the Land Use Petition Act; and (2) Thurston County should be estopped from asserting the defense of improper service. Thurston County requests attorney's fees and costs under RCW 4.84.370. We affirm.

FACTS

The Overhulse Neighborhood Association is a nonprofit association consisting of neighboring landowners of the property that is the subject of this appeal.

On September 22, 1997, the Thurston County Hearing Examiner granted a special use permit to St. Michael Parish, which allowed the construction of a 10,000 square-foot building and parking lot over Overhulse's objection. On

October 29, 1997, the Hearing Examiner denied Over-hulse's request for reconsideration. The Board of Commissioners affirmed the hearing examiner's decision on January 5, 1998. The Board's decision was mailed to all parties of record on January 7, 1998.

On January 26, 1998, Overhulse filed a land use petition in Thurston County Superior Court. On the same date, Overhulse delivered a copy of the land use petition to the office of the Board of Commissioners. Counsel for Over-hulse apparently asked an employee, "Is this the right place to leave this?" The employee simply accepted the documents and thanked the attorney. The office of the Board of Commissioners forwarded a copy of the land use petition to the Thurston County Prosecutor's office, which received the petition on January 28, 1998.

Overhulse did not serve the Thurston County Auditor as required by RCW 36.70C.040(2) and 4.28.080 until February 13, 1998. The deadline for serving the papers on the Thurston County Auditor was February 2, 1998.[1]

Thurston County moved to dismiss the land use petition for lack of jurisdiction due to improper service. The superior court granted Thurston County's motion.

## ANALYSIS
### A. Substantial Compliance

Overhulse argues that the trial court erred in failing to find it substantially complied with the service requirements of LUPA. Because the Thurston County Prosecuting Attorney received timely notice, Overhulse contends it satisfied the "spirit" of LUPA's service requirements.

■ When reviewing an administrative decision, the

---

[1] LUPA sets a strict deadline for the filing and service of a land use petition. RCW 36.70C.040(3) provides that a land use petition must be filed "within twenty-one days of the issuance of the land use decision." The date of issuance is three days after the local jurisdiction mails the written decision. RCW 36.70C.040(4)(a). In this case, the Board mailed its decision to the parties on January 7, 1997. Thus, the decision was issued on January 10, 1997. The period for filing and service expired on January 31, 1997, or the first business day following (February 2, 1998).

superior court acts in its limited appellate capacity. *Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995). All statutory procedural requirements must be met before this appellate jurisdiction is properly invoked. *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 555, 958 P.2d 962 (1998) (citing *Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990)).

■ RCW 36.70C.040 sets forth the procedure for commencing review of land use petitions. RCW 36.70C.040(2) provides: "A land use petition is *barred*, and the court *may not grant review*, unless the petition is timely filed with the court and timely served on the following persons who shall be parties to the review of the land use petition[.]" RCW 36.70C.040(2) (emphasis added).

RCW 36.70C.040(5) specifies the method for serving a land use petition on a local jurisdiction. "Service on the local jurisdiction must be by delivery of a copy of the petition to the persons identified by or pursuant to RCW 4.28.080 to receive service of process." RCW 36.70C.040(5). LUPA provides that proper service on Thurston County must be accomplished in the manner specified by RCW 4.28.080, which provides:

> Service made in the modes provided in this section shall be taken and held to be personal service. The summons shall be served by delivering a copy thereof, as follows:
>
> (1) If the action be against any county in this state, to the county auditor or, during normal office hours, to the deputy auditor . . . .

RCW 4.28.080. Thus, LUPA explicitly requires service on the county auditor, as opposed to the board of commissioners or another county official.

Despite this explicit and unambiguous statutory language, Overhulse argues that substantial compliance with LUPA's service requirements is sufficient to invoke the jurisdiction of the superior court. Relying on *Black v. Department of Labor & Indus.*, 131 Wn.2d 547, 552, 933 P.2d 1025

(1997), Overhulse contends its petition should be allowed "to proceed to a hearing on the merits in the absence of serious prejudice to other parties."

■ In *Black*, the court addressed the doctrine of substantial compliance as it applied to an Industrial Insurance Act appeal. In reaching its decision, the *Black* court distinguished *Union Bay* which held that the "unequivocal" legislative directive of the Administrative Procedure Act foreclosed the possibility that substantial compliance could apply. *Union Bay*, 127 Wn.2d at 620. The *Black* court noted: "In the present case there is no evidence that the Legislature explicitly meant to exclude service on the attorney general to the extent it did in *Union Bay*. *Union Bay* is therefore not applicable." *Black*, 131 Wn.2d at 556. Here, the legislative directive is similarly unequivocal. A land use petition is *barred*, and the court *may not* grant review, if timely service is not completed in accordance with LUPA's procedures. RCW 36.70C.040(2). This explicit statutory language forecloses the possibility that the doctrine of substantial compliance applies. *See Union Bay*, 127 Wn.2d at 620.[2]

■ In *Nitardy v. Snohomish County*, 105 Wn.2d 133, 712 P.2d 296 (1986), the court examined and rejected the precise argument advanced by Overhulse. Although RCW 4.28.080 requires service on the county auditor, Nitardy served process on a secretary to the county executive. The court rejected the argument that her service substantially complied with the statute and was sufficient to give the court jurisdiction. "The Legislature has named a specific person who is to be served when the defendant is a governmental body. *See* RCW 4.28.080(1), (2), (3). The applicable statutory clause is clear in its mandate. Service on anyone other than the Auditor is insufficient." *Nitardy*, 105 Wn.2d at 134-35 (citations omitted). Because LUPA

---

[2]Further, *Black* limited its holding to the facts of the case. "*Under these facts*, we conclude service substantially complied with RCW 51.52.110 . . . ." *Black*, 131 Wn.2d at 549 (emphasis added).

mandates compliance with RCW 4.28.080, *Nitardy* is controlling.[3]

■ The court recently discussed substantial compliance in the context of LUPA and RCW 4.28.080 in *San Juan Fidalgo Holding Co. v. Skagit County*, 87 Wn. App. 703, 943 P.2d 341 (1997), *review denied*, 135 Wn.2d 1008 (1998). There, the court dismissed the case because the attempted delivery of the petition occurred 20 minutes after the Auditor's office closed to the public. The court examined the statutory language and concluded that "recognizing an exception to the requirement that service be made on deputy auditors within 'normal office hours' in this case would be to create an exception that would render the rule a nullity." *San Juan Fidalgo*, 87 Wn. App. at 713. Similarly, allowing service on an official other than the county auditor would render the provisions of RCW 36.70C.040(5) and RCW 4.28.080 meaningless. Such a reading would violate a fundamental principle of statutory construction. *Cox v. Helenius*, 103 Wn.2d 383, 387-88, 693 P.2d 683 (1985) (the court is required to give effect to "every word, clause and sentence of a statute . . . . No part should be deemed inoperative or superfluous unless the result of obvious mistake or error.") (citations omitted).

Because LUPA provides unequivocal directives, the doctrine of substantial compliance does not apply. The superior court properly dismissed Overhulse's land use petition.

## B. Estoppel

Overhulse next contends that Thurston County should be estopped from asserting the defense of improper service because a county employee "affirmatively accepted" the

---

[3]Overhulse attempts to distinguish *Nitardy* because it involved an original cause of action rather than an appeal. "The doctrine of substantial compliance applies to appellate matters, such as this, and not to original causes of action, such as *Nitardy*." While this distinction is meaningless, the argument is also without merit. "The doctrine of substantial compliance is applied by courts in cases involving service of both original process and appellate process." *San Juan Fidalgo*, 87 Wn. App. at 711 (citing *Union Bay*, 127 Wn.2d at 620).

land use petition. When counsel for Overhulse attempted service, he inquired at the office of the Board of Commissioners, "Is this the right place to leave this?" The employee answered, "thank you" and stamped the petition with the date.

■ ■ Equitable estoppel is based upon the principle that " ' "a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon." ' " *Davidheiser v. Pierce County*, 92 Wn. App. 146, 153, 960 P.2d 998 (1998) (citing *Kramarevcky v. Department of Soc. & Health Servs.*, 122 Wn.2d 738, 743, 863 P.2d 535 (1993) (quoting *Wilson v. Westinghouse Elec. Corp.*, 85 Wn.2d 78, 81, 530 P.2d 298 (1975))). The elements of estoppel are:

(1) an act or admission by the first party that is inconsistent with a later assertion;

(2) an act by another party in reliance upon the first party's act or assertion; and

(3) an injury would result to the relying party if the first party were not estopped from repudiating the original act.

*Davidheiser*, 92 Wn. App. at 153 (citations omitted). The party asserting estoppel must show both lack of knowledge of the facts and the absence of any convenient and available means of acquiring such knowledge. *Davidheiser*, 92 Wn. App. at 153. And equitable estoppel generally does not apply to representations of law. *See Chemical Bank v. Washington Pub. Power Supply Sys.*, 102 Wn.2d 874, 905, 691 P.2d 524 (1984).

Overhulse agrees that Thurston County did not have a duty to inform it of the service requirements. Nevertheless, Overhulse concludes, "where the Petition was affirmatively accepted without question or reservation, the County should now be estopped from arguing improper service." In essence, Overhulse contends that because the county employee *failed* to make any representation, estoppel should apply. We disagree.

■ Even assuming the employee's act of accepting the petition constituted a "representation," Overhulse has not demonstrated it reasonably relied on this representation. As discussed above, RCW 36.70C.040 and 4.28.080 provide an unambiguous mandate that service must be on the Thurston County Auditor. Given the clear language of LUPA, Overhulse's reliance on the county employee's representation was not reasonable. *See Landreville v. Shoreline Community College Dist. No. 7*, 53 Wn. App. 330, 332, 766 P.2d 1107 (1988) (rejecting equitable estoppel claim and holding reliance was not reasonable given the clear language of the statute); *see also Davidheiser*, 92 Wn. App. at 154.

The superior court did not err in rejecting Overhulse's estoppel argument.

## C. Attorney's Fees

Thurston County requests attorney's fees and costs pursuant to RCW 4.84.370(1), which authorizes an award of fees and costs to the prevailing party on appeal before the Court of Appeals. The County is considered the prevailing party "if its decision is upheld at superior court and on appeal." RCW 4.84.370(2).

■ Under the plain language of the statute, Thurston County may be considered the "prevailing party" if its *decision* is *upheld* at superior court and on appeal. But the superior court dismissed for lack of jurisdiction and did not review the merits of the County's decision. The logic of *Peacock v. Piper*, 81 Wn.2d 731, 504 P.2d 1124 (1973), is analogous. " 'The long-settled general rule is that a judgment of dismissal for want of jurisdiction is not res judicata as a final decision on the merits . . . .' " *Peacock*, 81 Wn.2d at 734 (citation omitted).

Because the superior court did not uphold the land use decision of Thurston County, we decline to apply RCW 4.84.370. Accordingly, the County's request for attorney's fees and costs is denied.

Affirmed.

MORGAN and SEINFELD, JJ., concur.