[No. 24541-8-II. Division Two. July 7, 2000.]

THE STATE OF WASHINGTON *on the Relation of Nathan Daniel Coughlin, Respondent,* v. DWAYNE JENKINS, *Appellant,* PATRICIA CAROLE COUGHLIN, *Respondent.*

*Robert L. Hayes*, for appellant.

*John W. Ladenburg, Prosecuting Attorney*, and *Sarah E. Richardson, Deputy*, for respondents.

DRAPER, J.[*] — Dwayne Jenkins appeals the superior court's denial of a motion for reconsideration concerning a judgment and order determining parentage and granting child support. We hold that personal jurisdiction existed at all times relevant to this action over the out-of-state defendant, and affirm.

The State of Washington filed a petition on March 25,

---

[*] Judge David R. Draper is serving as a judge pro tempore of the Court of Appeals, pursuant to CAR 21.

1994, to establish parentage for Nathan Daniel Coughlin, naming Jenkins the alleged father. On March 16, 1994, a process server served copies of the summons and petition on Jenkins's wife at an address in Fountain, Colorado. In May, Jenkins replied to the State by letter, stating he was writing the letter in response to the summons and denying any acquaintance with the child's mother, Patricia Coughlin. The return address listed on the letter matched the Fountain, Colorado address at which the summons and petition were served.

Subsequently, Jenkins failed to appear for a court-ordered blood test and the State moved for an order of default as a discovery sanction under CR 37. The court signed an order of default in December 1994. But, two months later, Jenkins stated by letter that he had intentionally ignored the previous notices, and asked that the State give him another opportunity to comply with the request for a blood sample. This handwritten letter again listed the Fountain, Colorado address as the return address below Jenkins's signature. Subsequently, the State arranged another blood test to which Jenkins submitted. The State notified Jenkins by letter that the probability of paternity was 99.24 percent. After due notice of the hearing to Jenkins in July 1995, the superior court granted summary judgment as to parentage. The following month, the court entered findings of fact and conclusions of law, a judgment and order determining parentage, and ordered child support.

Three years later, Jenkins brought motions to vacate the judgment. The court denied the motion. Jenkins now appeals.

## PERSONAL JURISDICTION

■ The superior court found that Jenkins's letters constituted an "appearance" for purposes of CR 12(h)(1), and that he had waived his defense of lack of personal jurisdiction and insufficiency of process. We agree. Where the court below has weighed the evidence, appellate review is limited

to determining whether substantial evidence supports the finding, and whether, in turn, it supports the trial court's conclusions of law. *Ridgeview Properties v. Starbuck*, 96 Wn.2d 716, 719, 638 P.2d 1231 (1982) (citations omitted). We hold that the trial court was correct in determining that substantial evidence demonstrated personal jurisdiction existed over Jenkins at all times relevant to this action, and affirm.

 A party waives his defense of lack of personal jurisdiction or insufficiency of process by failing to raise the issue in any entry of appearance, pleadings, or answers. CR 12(h)(1). RCW 4.28.210 states that, "[a] defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives plaintiff written notice of his appearance." Even informal acts, such as written or oral statements to the plaintiff in the action can constitute an appearance. *Skilcraft Fiberglass, Inc. v. Boeing Co.*, 72 Wn. App. 40, 46, 863 P.2d 573 (1993). A party waives any claim of lack of personal jurisdiction if, before the court rules, he asks the court to grant affirmative relief, or otherwise impliedly consents to the court's exercising jurisdiction. *In re Steele*, 90 Wn. App. 992, 997-98, 957 P.2d 247, *review denied*, 136 Wn.2d 1031 (1998).

 The superior court found that Jenkins's letters to the prosecutor's office constituted an appearance before the entry of final judgment, and concluded that he had waived all defenses as to jurisdiction. This was the correct conclusion. Jenkins failed to raise the defense of lack of jurisdiction or object to service of process in either letter. In his first letter, addressed to both the court and the prosecutor's office, Jenkins stated he was specifically responding "in answer" to the summons and complaint served at the Fountain address. Additionally, in his second letter, after receiving the notice of default, Jenkins asked for "another chance to cooperate fully with all request [sic] and instructions pertaining to this matter." Clerk's Papers at 118. Subsequently, Jenkins took the blood test to determine parentage. The prosecutors' office did not "coerce" Jenkins

into submitting to the blood test as he claims; the choice was his. Whether in response to notice of a hearing or a summons and complaint, a party has a choice: either submit to the court's jurisdiction and attempt to protect one's rights, or not appear and allow their determination in absentia; there is no coercion. *Dlouhy v. Dlouhy*, 55 Wn.2d 718, 722, 349 P.2d 1073 (1960). Consequently, because Jenkins voluntarily corresponded with the prosecutor's office and submitted to the blood test, he appeared in this case. Thus, the evidence substantially supports the trial court's conclusion that Jenkins waived any objection to personal jurisdiction by failing to raise the issue earlier.

■ Even if Jenkins's letters do not constitute an appearance, service of process and assertion of personal jurisdiction were proper in this case. A court obtains jurisdiction over an out-of-state defendant if the state's long arm statute is satisfied, RCW 4.28.185, and if the assertion of jurisdiction meets the requirements of due process by comporting with traditional notions of fair play and substantial justice. At the threshold, appellant concedes he has sufficient "minimum contacts" because of his liaison with Nathan Coughlin's mother to meet the due process test articulated in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95, 161 A.L.R. 1057 (1945). Thus, we consider only the requirements of the state's long-arm statute for service of process on an out-of-state defendant.

■ The Washington State long-arm statute, RCW 4.28.185, lists acts that submit an out-of-state defendant to the jurisdiction of Washington courts. Specifically, subpart (e) includes the act of sexual intercourse within this state with respect to which a child may have been conceived. RCW 4.28.185(2) also describes how to effect service of process:

> Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state.

RCW 4.28.180 provides: "The summons upon the party out of the state shall . . . be served in like manner as personal summons within the state . . . ." Specifically, RCW 4.28.080 defines personal service as serving "the defendant personally, *or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein.*" RCW 4.28.080(15) (emphasis added). The superior court found that Jenkins did not present clear and convincing evidence that his usual place of abode was *not* the Fountain, Colorado address, and that personal jurisdiction existed from the time of the service. We agree. Substantial evidence supports this factual finding and it, in turn, supports the trial court's conclusion of law as to personal jurisdiction.

Here, the defendant provided little evidence that the Fountain, Colorado address was not the correct address at the time the paternity action commenced. An affidavit of service is presumed to be valid if it is regular in its form and substance; the person contesting the service must prove by clear and convincing evidence that the service was improper. *Leen v. Demopolis*, 62 Wn. App. 473, 478, 815 P.2d 269 (1991), *review denied*, 118 Wn.2d 1022 (1992). Jenkins has provided only affidavits of his former wife Denise stating that they were estranged in March 1994, and of his mother, which states he resided with her at that time. This evidence is not clearly convincing. First, Jenkins did not provide this affidavit until four years after the service was completed. Second, Jenkins did not mention separation or estrangement from his wife in either of his letters; he implied the opposite. Specifically, he stated: "this entire matter has brought nothing but fear and shear [sic] unrest to my wife and four children of fourteen years." Clerk's Papers at 113.

■ Additionally, other evidence demonstrates that the State used Jenkins's correct address. First, the State obtained the Fountain, Colorado address from two searches through Trans-Union Corporation and Equifax & Affiliates.

Second, all handwritten correspondence from Jenkins subsequent to service of process listed the same Fountain, Colorado address as his return address. Third, no mail sent to the Fountain address was ever returned. Last, the State sent the Notice of Taking a Blood Sample to that same address; Jenkins took the test on the date set. Therefore, there was substantial evidence to support the superior court's conclusion that the Fountain, Colorado address was Jenkins's "usual place of abode." Consequently, the service of the summons to Jenkins's residence, and given to his wife, Denise Jenkins, a "person of suitable age and discretion then resident therein," met the requirements of RCW 4.28.080. The trial court correctly concluded it had personal jurisdiction over Jenkins from the time the summons and petition were served.

Affirmed

MORGAN and HOUGHTON, JJ., concur.