109 P.3d 489 (2005)
Janet WITT, Appellant,
v.
PORT OF OLYMPIA, Respondent.
No. 31385-5-II.
Court of Appeals of Washington, Division 2.
April 5, 2005.
Barnett N. Kalikow, Kalikow & Gusa PLLC, Olympia, WA, for Appellant.
Matthew Bryan Edwards, Owens Davies PS, Olympia, WA, for Respondent.
ARMSTRONG, J.
¶ 1 Janet Witt, a LUPA petitioner, appeals a judgment in favor of the Port of Olympia in *490 which the superior court ruled that she failed to properly serve the Port under RCW 36.70C.040(5) and RCW 4.28.080(9). She served her petitions on a part-time, temporary intern who was working at the Port's front desk. Because the intern was not statutorily authorized to receive service for the Port, we affirm. And because we dismiss the case for a procedural flaw rather than a decision on the merits, we decline the Port's request for attorney fees.

FACTS
¶ 2 Janet Witt appealed the Port of Olympia's issuance of a mitigated determination of non-significance regarding the Runway Relocation Projects at the airport. On October 13, 2003, the Port upheld its decision. Under the Land Use Petition Act (LUPA) at RCW 36.70C.040, Witt had 21 days to challenge the Port's final decision on her appeal.
¶ 3 To commence review under LUPA, Witt had to deliver "a copy of the petition to the persons identified by or pursuant to RCW 4.28.080 to receive service of process." RCW 36.70C.040(5). RCW 4.28.080 authorizes service on different individuals depending on the nature of the entity being sued. See RCW 4.28.080. The statute does not explicitly describe service on ports or municipal corporations; it does, however, describe service on counties, cities, states, schools, railroads, foreign insurance companies, minors, corporations, and various other individuals and entities. If the suit is against a company or corporation other than those designated in other parts of the statute, the plaintiff must serve: "the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW 4.28.080(9).
¶ 4 On November 14, 2003, Witt, acting pro se, petitioned the Thurston County Superior Court to challenge the Port's decision. At 5:00 P.M. that same day, Kenneth Filak hand delivered four copies of her petition to "the clerk," Nick Hollingbery, at the Port offices. Clerk's Papers (CP) at 71-72, 236. Filak stated to him that the petitions were for the executive director and four named commissioners.
¶ 5 Hollingbery was a 17-year old senior at Timberland High School, working for the Port as a temporary, part-time intern. He was responsible for "working behind the front desk and answering telephone calls, greeting visitors, offering coffee to visitors, making photocopies, and performing other office tasks" as assigned to him. CP at 237. He was not "a secretary, stenographer, or office assistant to the executive director of the Port of Olympia ... [or] authorized to receive service of process." CP at 237.
¶ 6 Hollingbery saw nothing significant about the delivery on November 14, and he signed the receipt. He had never been served with papers concerning a lawsuit before, and he "had no idea" he was being served on November 14. CP at 237. He says, "I was just told that the papers were for the executive director and the Commissioners and I left them for later delivery." CP at 237.
¶ 7 The Port moved to dismiss the appeal, arguing that Witt had not properly served the petition. The court granted the motion and dismissed the appeal for "failure of the petitioner to serve the Port ... within the required time limit of RCW 36.70C.040(3)." CP at 240.

ANALYSIS
¶ 8 Witt argues that RCW 4.28.080[1] contains a catch-all provision at subsection (9) for service on all unspecified corporate *491 entities and that the Port falls into that category as a municipal corporation otherwise unspecified in the statute. She reasons that because Hollingbery was an "office assistant" under subsection (9), her process server properly served the Port on November 14 under RCW 4.28.080(9).

1. Statutory Construction

a. The Statutory Scheme
¶ 9 The legislative directive of LUPA is clear: service of process "must be by delivery of a copy of the petition to the persons identified by or pursuant to RCW 4.28.080." RCW 36.70C.040(5). We have required strict compliance with LUPA's procedure. Citizens to Preserve Pioneer Park LLC v. City of Mercer Island, 106 Wash.App. 461, 467, 24 P.3d 1079 (2001). Consistent with this mandate, in Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 972 P.2d 470 (1999), we emphasized that "[a] land use petition is barred, and the court may not grant review, if timely service is not completed in accordance with LUPA's procedures." Overhulse, 94 Wash.App. at 598, 972 P.2d 470 (citing RCW 36.70C.040(2)). Further, in Overhulse we concluded that the "explicit statutory language [of LUPA] forecloses the possibility that the doctrine of substantial compliance applies." Overhulse, 94 Wash.App. at 598, 972 P.2d 470 (citing Union Bay Pres. Coalition v. Cosmos Dev. & Admin. Corp., 127 Wash.2d 614, 620, 902 P.2d 1247 (1995)).

b. Review of Motion to Dismiss for Failure of Service
¶ 10 We review de novo a trial court's dismissal of an action on legal grounds. Brundridge v. Fluor Fed. Servs. Inc., 109 Wash.App. 347, 352, 35 P.3d 389 (2001) (citing In re Estate of Peterson, 102 Wash.App. 456, 462, 9 P.3d 845 (2000)), cert. denied, 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003). When a defendant moves to dismiss based upon insufficient service of process, "the plaintiff has the initial burden making a prima facie showing of proper service." KARL B. TEGLAND, 14 WASH. PRAC., CIVIL PROCEDURE § 4.40, at 108 (2004). A plaintiff may make this showing by producing an affidavit of service that on its face shows that service was properly carried out. 14 WASH. PRAC. § 4.40, at 108 (2004); see also, State ex. rel. Coughlin v. Jenkins, 102 Wash.App. 60, 65, 7 P.3d 818 (2000); Woodruff v. Spence, 88 Wash.App. 565, 571, 945 P.2d 745 (1997). Then the burden shifts to the defendant who must prove by clear and convincing evidence that service was improper. Coughlin, 102 Wash.App. at 65, 7 P.3d 818; Woodruff, 88 Wash.App. at 571, 945 P.2d 745; Leen v. Demopolis, 62 Wash.App. 473, 478, 815 P.2d 269 (1991) (stating that the burden is upon the person attacking the service to show by clear and convincing proof that the service was improper).
¶ 11 The Port agrees with Witt that RCW 4.28.080(9) applies to service on the Port as a municipal corporation. Under that provision, the summons shall be served by delivering a copy
[T]o the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.
RCW 4.28.080(9). In addition, the Washington Legislature has said that under RCW 4.28.080(9), "[p]ersonal service must be made on the person designated by statute." 1987 Final Legislative Report, HB 1199, Wash. Leg., at 173 (emphasis added). And in Crystal, China and Gold, Ltd. v. Factoria Ctr. Inv., Inc., 93 Wash.App. 606, 610, 969 P.2d 1093 (1999), the court held that "the service statute for corporations communicates the Legislatures decision that only persons holding certain positions can accept service on behalf of a corporation," finding no justification for permitting service on persons in "unnamed occupations." (Emphasis added.)
¶ 12 Witt argues that her service on Hollingbery was good because, as a clerk, he was an office assistant. The Port counters that serving an office assistant is insufficient; Hollingbery had to be an office assistant to a person of authority.
¶ 13 We follow the plain language of RCW 4.28.080(9). As a "clerk," Hollingbery may have occupied a position similar to an office *492 assistant; but Witt presented no prima facie proof that he was an office assistant to one of the persons named in the service statute. Further, the affidavit of service simply states that it was "signed by the clerk at the Port Office." CP at 201. And Witt does not even argue that Hollingbery was one of the persons enumerated in the statute; instead, she asks this court to ignore the statutory language and follow her reasoning that she had a right to assume Hollingbery was the right person to serve. She has not met her prima facie burden of proof.

2. Attorney Fees

¶ 14 The Port asks for attorney fees under RCW 4.84.370. Under that provision, a party who prevails in an appeal of a land use decision at the administrative and judicial level is entitled to an award of attorney fees incurred before the Court of Appeals. RCW 4.84.370(1). But we have limited RCW 4.84.370 to require that the "prevailing" party prevail "on the merits" in an adversarial proceeding. Overhulse, 94 Wash.App. at 601, 972 P.2d 470. In Overhulse, as here, the superior court dismissed a neighborhood association's land use petition for lack of jurisdiction; thus, the court did not reach the merits. Overhulse, 94 Wash.App. at 601, 972 P.2d 470. We refused to award attorney fees to the county because it had not prevailed on the merits.
¶ 15 Division One has disagreed with Overhulse, pointing out that RCW 4.84.370 does not explicitly require that a party prevail on the merits. Prekeges v. King County, 98 Wash.App. 275, 285, 990 P.2d 405 (1999).
¶ 16 Indeed, RCW 4.84.370 does not expressly limit the award of attorney fees to cases in which the lower court decided "the merits."[2] But the statutory language in its entirety supports our conclusion that the legislature intended to allow attorney fees only to a party who prevails on the merits. The statutory language limits the award of attorney fees to a "prevailing party" or a "substantially prevailing party" on appeal of "a decision by a county, city, or town to issue, condition, or deny a development permit." RCW 4.84.370 (emphasis added). And RCW 4.84.370(2) allows fees only if the government agency's decision is upheld by both the superior court and the Court of Appeals. Here, neither the trial court nor this court considered the Port's decision to uphold issuing a mitigated determination of non-significance. Instead, as in Overhulse, we have considered whether Witt properly served the Port under RCW 4.28.080. Thus, the Port is not entitled to attorney fees because the superior court and the Court of Appeals have not upheld or even considered its decision.
¶ 17 Moreover, the statutory language "substantially prevailing" suggests that the legislature intended the fees and costs provision to apply only in cases in which the merits of a land use decision are decided. A party does not "substantially prevail" on a procedural issue. Instead, a party "substantially prevails" when a majority of its substantive issues are decided on the merits.
¶ 18 Affirmed.
We concur: BRIDGEWATER, P.J., and VAN DEREN, J.
NOTES
[1] Service made in the modes provided in this section shall be taken and held to be personal service. The summons shall be served by delivering a copy thereof, as follows:

(9) If the suit be against a company or corporation other than those designated in the preceding subdivisions of this section, to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.
RCW 4.28.080(9).
[2] RCW 4.84.370 states:

(1) Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision. The court shall award and determine the amount of reasonable attorneys' fees and costs under this section if:
(a) The prevailing party on appeal was the prevailing or substantially prevailing party before the county, city, or town, or in a decision involving a substantial development permit under chapter 90.58 RCW, the prevailing party on appeal was the prevailing party or the substantially prevailing party before the shoreline[s] hearings board; and (b) The prevailing party on appeal was the prevailing party or substantially prevailing party in all prior judicial proceedings.
(2) In addition to the prevailing party under subsection (1) of this section, the county, city, or town whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal.