142 P.3d 1121 (2006)
Robert and Cecilia RICHARDS, Appellants,
v.
CITY OF PULLMAN, a municipal corporation of the State of Washington, Respondent.
No. 24542-0-III.
Court of Appeals of Washington, Division 3.
September 12, 2006.
*1122 Ronald D. Shirley, Ruff & Shirley, Pullman, for Appellants.
Laura D. McAloon, Preston, Gates & Ellis LLP, Spokane, for Respondents.
SCHULTHEIS, A.C.J.
¶ 1 Cecilia and Robert Richards obtained a building permit and built an addition to their Pullman home. As the addition was completed, the Pullman building department notified them that the addition violated the city's backyard setback requirements. Their administrative appeal of the order to correct the nonconformity was dismissed as untimely, and their subsequent complaint in superior court for declaratory relief was dismissed for lack of subject matter jurisdiction.
¶ 2 On appeal to this court, they contend the superior court erred in concluding that the Land Use Petition Act (LUPA), chapter 36.70C RCW, was the exclusive means for seeking judicial review. Because we conclude that the notice of violation was a land use decision that did not constitute an exception from LUPA's exclusive jurisdiction, we affirm.

FACTS
¶ 3 In May 2004, the Pullman building department issued the Richardses a permit to build an addition to their residence. About six weeks later, city planning director Pete Dickinson told the Richardses that a neighbor had complained about the location of the addition. In August, Mr. Dickinson informed the Richardses that the addition may violate the city's backyard setback requirement. The Richardses then paid for a survey of their property, which showed that the addition did not conform to the setback requirements. After the Richardses gave the survey to Mr. Dickinson, they asked if they could get a variance. Mr. Dickinson replied that he would not grant a variance for their addition.
¶ 4 On November 1, 2004, the Richardses received a notice of violation and order to correct or cease activity, dated October 29. They filed an administrative appeal on November 9. Mr. Dickinson sent them a letter on December 1 advising them he was rejecting the appeal because it did not meet the 10-day administrative appeal requirement of Pullman City Code (PCC) 17.185.030.
¶ 5 The Richardses then filed a complaint for declaratory judgment on January 12, 2005 in the Whitman County superior court. They requested a ruling establishing whether Mr. Dickinson had authority to issue a notice of violation beyond the statute of limitations set by PCC 17.10.090(2)(b) and PCC 17.10.090(3)(b). Pullman moved for dismissal pursuant to CR 12(b), arguing that an action for declaratory relief under chapter 7.24 RCW was improper because LUPA was the exclusive means to review the validity of the notice of violation and the order to correct or cease activity. After a hearing, the trial court dismissed the Richardses' complaint for lack of subject matter jurisdiction. This appeal timely followed.

LUPA JURISDICTION
¶ 6 In filing a complaint for declaratory judgment under chapter 7.24 RCW, the Richardses challenged the city planner's authority under local ordinances to issue the notice of violation and order to correct or cease activity. The trial court dismissed their declaratory judgment action because it found that they should have pursued a remedy under LUPA.
¶ 7 We review a trial court's refusal to entertain a declaratory judgment action for abuse of discretion. Nollette v. Christianson, 115 Wash.2d 594, 599, 800 P.2d 359 (1990). A trial court abuses its discretion if its decision is based on untenable grounds or reasons. Sheng-Yen Lu v. King County, 110 *1123 Wash.App. 92, 99, 38 P.3d 1040 (2002). Because a petitioner is not entitled to declaratory relief if there is a completely adequate alternate remedy, id. at 98-99, 38 P.3d 1040, we examine whether the trial court abused its discretion in concluding that LUPA was available as an adequate alternate remedy. The trial court's determination that it did not have subject matter jurisdiction under chapter 7.24 RCW is reviewed de novo. Somers v. Snohomish County, 105 Wash.App. 937, 941, 21 P.3d 1165 (2001).
¶ 8 LUPA is the exclusive means for judicial review of land use decisions made by a local jurisdiction. RCW 36.70C.030. Land use decisions include the "enforcement by a local jurisdiction of ordinances regulating the improvement, development, modification, maintenance, or use of real property." RCW 36.70C.020(1)(c). However, if the local jurisdiction "is required by law to enforce the ordinances in a court of limited jurisdiction," the land use decision cannot be reviewed under LUPA. RCW 36.70C.020(1)(c).
¶ 9 Pullman issued a notice to the Richardses that their addition violated an ordinance regulating improvement and development of property. This notice constituted a land use decision. RCW 36.70C.020(1)(c). Their administrative appeal was rejected as untimely. When they filed for declaratory relief under chapter 7.24 RCW, the period for filing a timely petition for review under LUPA had run. RCW 36.70C.040(3) (the LUPA petition is timely if filed and served on the parties within 21 days of the issuance of the land use decision); Habitat Watch v. Skagit County, 155 Wash.2d 397, 408, 120 P.3d 56 (2005) (LUPA's statute of limitations begins to run when the land use decision is issued). Consequently, review of the notice of violation and order to correct or cease activity was unavailable under LUPA. The Richardses contend, however, that review under LUPA was inappropriate anyway because Pullman is required by the zoning code to enforce a violation in a court of limited jurisdiction. Because LUPA could not offer an adequate alternate remedy, they argue, a declaratory judgment was the appropriate means for relief.
¶ 10 At issue is the meaning of the language in RCW 36.70C.020(1)(c) providing that a land use decision cannot be reviewed under LUPA "when a local jurisdiction is required by law to enforce the ordinances in a court of limited jurisdiction." The aim of statutory construction is to effectuate the legislature's intent. Bosteder v. City of Renton, 155 Wash.2d 18, 42, 117 P.3d 316 (2005). To discern that intent, this court begins by looking at the plain language and ordinary meaning of the statute, but also considers the legislative enactment as a whole. Id.; Quadrant Corp. v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 154 Wash.2d 224, 238-39, 110 P.3d 1132 (2005).
¶ 11 LUPA's purpose is "to reform the process for judicial review of land use decisions made by local jurisdictions, by establishing uniform, expedited appeal procedures and uniform criteria for reviewing such decisions, in order to provide consistent, predictable, and timely judicial review." RCW 36.70C.010. To that end, LUPA is the exclusive means for judicial review of land use decisions except in specific defined circumstances not at issue here.[1] RCW 36.70C.030. In addition to the LUPA jurisdictional exceptions found in RCW 36.70C.030, RCW 36.70C.020(1)(c) provides that LUPA review is unavailable when the local jurisdiction is required by law to enforce the ordinance in question in a court of limited jurisdiction. The statute does not define what is meant by "required by law," but the ordinary dictionary meaning of "require" is to "impose a compulsion or command ... to do something." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1929 (1993). Accordingly, we must determine whether relevant law compels Pullman to enforce its zoning code in a court of limited jurisdiction.
*1124 ¶ 12 Under PCC 17.10.090, the city planner is granted discretion to proceed against a violation of the zoning code using the procedures of this section. Certain procedures are mandatory, including investigation of alleged violations within a set period of time and issuance of a notice of violation and order to correct or cease activity within 14 days after the investigation reveals a violation. PCC 17.10.090(2). However, the city planner's decision to issue the notice of violation after determining that a structure does not conform to code is discretionary. PCC 17.10.090(3)(a). Further, if the city planner decides that the property owner could reasonably correct the violation but failed to do so, the city planner may, but is not obligated to, "refer the matter to the city attorney for civil enforcement by injunction or other appropriate action." PCC 17.10.090(6). The term "may" is presumed to be permissive or discretionary, especially when used alongside mandatory language in the same statute or code. State ex rel. Pub. Disclosure Comm'n v. Rains, 87 Wash.2d 626, 633-34, 555 P.2d 1368 (1976); Granite Beach Holdings, L.L.C. v. Dep't of Natural Res., 103 Wash.App. 186, 206-07, 11 P.3d 847 (2000). Accordingly, under the plain terms of PCC 17.10.090, Pullman is not required by law to enforce the zoning code in a court of limited jurisdiction. RCW 36.70C.020(1)(c).
¶ 13 Although declaratory relief is available when a court determines that other available remedies are unsatisfactory, this exceptional relief is rare. Sheng-Yen Lu, 110 Wash.App. at 106, 38 P.3d 1040. Because LUPA provides an adequate and exclusive means for review of most land use decisions, and because Pullman is not required by law to enforce its zoning code in a court of limited jurisdiction, declaratory relief was not appropriate in this case. Id. This commonsense reading of the language in RCW 36.70C.020(1)(c) and PCC 17.10.090 comports with the purpose of LUPA to promote administrative finality in land use decisions. James v. Kitsap County, 154 Wash.2d 574, 589, 115 P.3d 286 (2005). The trial court did not abuse its discretion in dismissing the Richardses' complaint for declaratory judgment for lack of subject matter jurisdiction.

ATTORNEY FEES
¶ 14 Both parties request attorney fees on appeal. Pullman's request is contained in a single sentence at the end of the "Conclusion" section: "The City further seeks its attorney fees pursuant to RCW 4.84.370(2) and RAP 18.1; and seeks costs incurred in responding to this appeal pursuant to RAP 14.2." Resp't's Br. at 16. The Richardses, who did not request attorney fees in the appellant's brief, included this language at the end of the "Conclusion" section in their reply brief: "The Richards [sic] further seek an order of this court awarding them attorney fees pursuant to RAP 18.1 and PCC 17.10.090(5)(b) and award costs incurred in the appeal pursuant to RAP 14.2." Appellants' Reply Br. at 17. Neither party is entitled to attorney fees on appeal, for several reasons.
¶ 15 First, appellate parties are required to include a separate section in their briefs devoted to the fees issue, as required by RAP 18.1(b). Wilson Court Ltd. P'ship v. Tony Maroni's, Inc., 134 Wash.2d 692, 710 n. 4, 952 P.2d 590 (1998). "This requirement is mandatory." Id. Moreover, there must be more than a bald request for fees; argument and citation to authority are necessary to inform this court of the appropriate grounds for attorney fees. Id. Here, although each party cited the rule and statutory or code authority for an attorney fees award, they provided no argument for application of that authority.
¶ 16 Second, the authorities cited do not authorize fees in this case. RCW 4.84.370, cited by Pullman, provides that on appeal of a land use decision, reasonable attorney fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal "of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision." RCW 4.84.370(1). Reasonable fees and costs are awarded to the party who prevailed or substantially prevailed in all prior judicial proceedings. RCW 4.84.370(1)(b). *1125 Further, "the county, city, or town whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal." RCW 4.84.370(2). Pullman's decision was not "upheld" at superior court because the Richardses' complaint for declaratory judgment was merely dismissed for lack of subject matter jurisdiction. See Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 601, 972 P.2d 470 (1999) (similar facts). Dismissal for want of jurisdiction is not the same as a final decision on the merits. Id. Consequently, Pullman is not entitled to attorney fees and costs pursuant to RCW 4.84.370(2).
¶ 17 The Richardses cite PCC 17.10.090(5)(b) as the basis for an award of fees. PCC 17.10.090(5)(b) provides that when a civil penalty is assessed for a violation subject to a notice of violation and order to correct or cease activity, the court must assess that penalty "and any additional penalty the Court considers appropriate plus court costs and attorney's fees." Because the penalty and the attorney fees are assessed against the violator, the Richardses are not entitled to attorney fees on this basis. Further, no penalty has been assessed at this point.
¶ 18 Finally, costs under RAP 14.2 are awarded to the party who substantially prevails on appeal. Pullman, as the prevailing party on appeal, is entitled to costs.
¶ 19 Affirmed.
WE CONCUR: KATO and KULIK, JJ.
NOTES
[1] LUPA does not apply to (a) judicial review of land use decisions that are not made by a local jurisdiction or that are subject to review by a quasi-judicial body such as the shoreline hearings board or the growth management hearings board; (b) judicial review of applications for a writ of mandamus or prohibition; or (c) claims for monetary damages or compensation. RCW 36.70C.030(1).