# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| TOWARD RESPONSIBLE DEVELOPMENT, a Washington not-for-profit corporation, | ) ) ) ) | No. 69414-6-I |
| Appellant, | ) ) ) | |
| v. | ) ) | |
| CITY OF BLACK DIAMOND; BD LAWSON PARTNERS LP; BD VILLAGE PARTNERS, LP, | ) ) ) ) ) | |
| Respondents, | ) ) | |
| and | ) ) | |
| CITY OF MAPLE VALLEY; CYNTHIA E. AND WILLIAM B. WHEELER; ROBERT M. EDELMAN; PETER RIMBOS; MICHAEL E. IRRGANG; JUDITH CARRIER; VICKIE HARP and CINDY PROCTOR, | ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Other Parties. | ) ) ) ) | FILED: June 16, 2014 |

VERELLEN, J. — Toward Responsible Development (TRD) appeals the superior court's order denying its motion to continue a stay of its land use petition pending this court's resolution of a prior petition. TRD also challenges the dismissal of its petition following its failure to perfect the record. We affirm both of the superior court's orders.

FACTS

This is the third appeal addressing TRD's challenges to permits issued by the City of Black Diamond (City) to BD Village Partners and BD Lawson Partners (collectively Yarrow Bay) for two large-scale master planned development (MPD) projects, known as The Villages and Lawson Hills. A fuller recitation of the facts of TRD's two prior challenges is set out in this court's prior opinions, BD Lawson Partners, LP v. Central Puget Sound Growth Management Hearings Board[1] and Toward Responsible Development v. City of Black Diamond (Toward Resp. Dev. I).[2]

The City approved Yarrow Bay's MPD permits by ordinance in September 2010. TRD, a citizens group opposed to the developments, appealed the MPD permits to the City's hearing examiner, arguing that the environmental impact statements upon which they were based were inadequate. The hearing examiner upheld the permits, and on October 11, 2010, TRD filed a land use petition in King County Superior Court under the Land Use Petition Act (LUPA), chapter 36.70C RCW (the MPD petition).

RCW 36.70C.100 allows a petitioner to request a stay of implementation while a LUPA petition is pending. TRD did not seek a stay, and while the MPD petition was pending, Yarrow Bay moved forward with the next step in the permitting process. In 2011, the City adopted development agreements for both projects. TRD filed a second LUPA petition challenging the development agreements (the DA petition). The

---

[1] 165 Wn. App. 677, 269 P.3d 300 (2011), review denied, 173 Wn.2d 1036, 277 P.3d 669 (2012).

[2] Noted at 179 Wn. App. 1012 (2014).

parties agreed to stay the DA petition pending the superior court's resolution of the MPD petition.

On August 27, 2012, the superior court dismissed the MPD petition, finding that TRD's claims regarding the MPD permits were without merit. TRD appealed the dismissal to this court and sought to continue the stay of the DA petition pending the resolution of the appeal. TRD argued that litigating the DA petition would be inefficient given that either: (1) the MPD permits would be upheld by this court, at which point TRD would abandon the DA petition,[3] or (2) the MPD permits would be voided, at which point TRD would seek to have the development agreements remanded to the City's hearing examiner. Yarrow Bay opposed a continued stay, arguing that any further delay would significantly prejudice its ability to enter into construction contracts and jeopardize its capital investment in the projects.

The superior court denied TRD's motion to continue the stay and set a case schedule for the DA petition. The case schedule required TRD to pay the City the cost of producing the administrative record by October 10, 2012 and file the record by November 5, 2012. TRD failed to meet these deadlines, and the City and Yarrow Bay moved to dismiss. The superior court denied the motion and set new deadlines for payment and filing of November 2 and November 20, 2012, respectively. TRD again failed to meet these deadlines, and the City and Yarrow Bay renewed their motion to dismiss. The superior court denied the motion a second time, setting new

---

[3] In its briefing regarding the stay, TRD stated that "[i]f the Court of Appeals upholds the Superior Court decision [on the MPD petition], TRD will not pursue this LUPA appeal of the Development Agreements." Clerk's Papers at 734.

deadlines for payment and filing of November 26 and December 10, 2012, respectively, and warning that "[s]hould TRD fail to comply with this third court-ordered payment deadline, it will place petitioners in significant jeopardy of case dismissal."[4] TRD once again failed to meet these deadlines, and Yarrow Bay filed a third motion to dismiss. In its response, TRD conceded that "because [TRD] has appealed this Court's denial of its motion for a stay of this matter, it seems that dismissal is warranted to allow these repeated issues to be resolved in a timely manner before the Court of Appeals."[5] Based on TRD's repeated failures to comply with court-imposed deadlines as well as its concession that dismissal was warranted, on December 6, 2012, the superior court granted Yarrow Bay's motion and dismissed the DA petition with prejudice.

On January 27, 2014, this court issued its decision affirming the superior court's dismissal of the MPD petition in Toward Resp. Dev. I.

TRD appeals the superior court's denial of its motion for a continued stay and the dismissal of the petition.

DISCUSSION

*Motion for Stay*

The legislature enacted LUPA in order to establish "uniform, expedited appeal procedures" for land use decisions made by local jurisdictions.[6] The overarching goal

---

[4] Clerk's Papers at 1092.

[5] Clerk's Papers at 1107.

[6] RCW 36.70C.010.

4

of LUPA is to ensure "consistent, predictable, and timely judicial review."[7] A hearing on the merits shall take place within approximately 60 days from the filing of the petition.[8] A delay in setting the hearing on the merits requires either a stipulation of the parties or a showing of good cause.[9]

The grant or denial of a motion for stay rests within the sound discretion of the superior court, and we review the court's decision only for abuse of that discretion.[10] A court abuses its discretion only if its ruling is manifestly unreasonable or is exercised on untenable grounds or for untenable reasons.[11] "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard."[12]

---

[7] Id.

[8] See RCW 36.70C.080 (requiring that within 7 days after the petition is served, petitioner must note the initial hearing, which must be set between 35 and 50 days after the petition is served, and at which time the court shall enter an order setting a date for perfection of the administrative record); RCW 36.70C.110 (requiring the administrative record be perfected within 45 days of said order); RCW 36.70C.090 (requiring a hearing on the merits to be set within 60 days of the date set for submitting the administrative record, absent a showing of good cause for a different date or a stipulation of the parties).

[9] RCW 36.70C.090.

[10] King v. Olympic Pipeline Co., 104 Wn. App. 338, 348, 16 P.3d 45 (2000).

[11] Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

[12] In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

TRD fails to demonstrate that the superior court abused its discretion in denying a further stay of the DA petition. TRD's sole argument in support of the stay was that it did not want to expend time and resources litigating the DA petition when it planned to either abandon the DA petition or seek a remand of the development agreements to the City's hearing examiner. But Yarrow Bay demonstrated that it would be negatively impacted by any further delay. It was not unreasonable for the superior court to determine that Yarrow Bay's interest in a timely resolution of the case was greater than TRD's interest in minimizing litigation costs. The denial of the stay was consistent with the express purpose of LUPA to provide expedited judicial review.

Moreover, TRD has continually asserted that it would abandon the DA petition if this court affirmed the dismissal of the MPD petition, as we have done in Toward Resp. Dev. I.[13] Even if the superior court had erred, it would be difficult to see what relief this court could provide. An issue is moot if it is not possible for this court to provide effective relief.[14] Absent exceptions not argued here, this court will not consider a case if the issue presented is moot.[15]

*Motion to Dismiss*

In a LUPA appeal, the petitioner is required to pay the local jurisdiction the cost of preparing the record and to prepare at its own expense a verbatim transcript

---

[13] Review of this court's decision was denied by the Washington State Supreme Court on June 4, 2014.

[14] Klickitat County Citizens Against Imported Waste v. Klickitat County, 122 Wn.2d 619, 631, 860 P.2d 390 (1993), 866 P.2d 1256 (1994).

[15] State v. Walker, 93 Wn. App. 382, 385, 967 P.2d 1289 (1998).

of any hearings on the matter.[16] "Failure by the petitioner to timely pay the local jurisdiction . . . is grounds for dismissal of the petition."[17]

TRD does not deny that the superior court was well within its discretion to dismiss its petition for failure to comply with the statutory requirement of paying the costs of preparing the administrative record. TRD instead argues that dismissal was unwarranted because "[h]ad the Superior Court granted TRD's motion for a stay, the case never would have progressed to the point of requiring TRD to pay for the administrative record."[18] This argument necessarily fails because we have determined that the superior court did not err in denying the stay.[19]

*Fees*

The City and Yarrow Bay request attorney fees and costs incurred in defending this appeal pursuant to RCW 4.84.370, which provides for reasonable fees and costs incurred in appeal of a decision relating to development permits:

> (1) Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision. The court shall award and determine the amount of reasonable attorneys' fees and costs under this section if:

---

[16] RCW 36.70C.110(1), (3).

[17] RCW 36.70C.110(3).

[18] Appellant's Br. at 21.

[19] For the first time in reply, TRD argues that the superior court erred in imposing unreasonable deadlines for filing of the administrative record. We do not consider this argument because issues raised and argued for the first time in reply are too late to warrant our consideration. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

(a) The prevailing party on appeal was the prevailing or substantially prevailing party before the county, city, or town, or in a decision involving a substantial development permit under chapter 90.58 RCW, the prevailing party on appeal was the prevailing party or the substantially prevailing party before the shoreline hearings board; and

(b) The prevailing party on appeal was the prevailing party or substantially prevailing party in all prior judicial proceedings.

(2) In addition to the prevailing party under subsection (1) of this section, the county, city, or town whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal.[20]

In essence, parties are entitled to attorney fees if a local jurisdiction's decision is rendered in their favor and at least two courts affirm that decision.[21]

TRD argues that because it challenges only the superior court's order denying a further stay, the superior court did not reach the merits of the LUPA petition and the City and Yarrow Bay are thus not "prevailing parties" entitled to fees and costs. Though TRD cites no authority in support of this contention, we note that Division II of this court has repeatedly declined to award fees in cases where LUPA petitions are dismissed on procedural grounds, concluding that the legislature intended RCW 4.84.370 to apply only in cases in which the merits of a land use decision are decided.[22] However, this court has consistently disagreed, holding that

---

[20] RCW 4.84.370.

[21] Habitat Watch v. Skagit County, 155 Wn.2d 397, 413, 120 P.3d 56 (2005).

[22] See, e.g., Overhulse Neighborhood Ass'n v. Thurston County, 94 Wn. App. 593, 601, 972 P.2d 470 (1999); Witt v. Port of Olympia, 126 Wn. App. 752, 759, 109 P.3d 489 (2005); Northshore Investors, LLC v. City of Tacoma, 174 Wn. App. 678, 701, 301 P.3d 1049, review denied, 178 Wn.2d 1015, 311 P.3d 26 (2013).

RCW 4.84.370 "does not require that the party must have prevailed on the merits" in order to be granted a fee award pursuant to the statute.[23]

Because the City and Yarrow Bay have prevailed at two court levels, they are awarded their fees and costs, subject to compliance with RAP 18.1.

Affirmed.

WE CONCUR:

---

[23] Prekeges v. King County, 98 Wn. App. 275, 285, 990 P.2d 405 (1999); see also Durland v. San Juan County, 175 Wn. App. 316, 326, 305 P.3d 246, review granted, 179 Wn.2d 1001, 315 P.3d 530 (2013).