206 P.3d 671 (2009)
Charles WEBER and Brenda Weber, husband and wife, Petitioners,
v.
ASSOCIATED SURGEONS, P.S., and/or now d/b/a Surgical Specialists of Spokane, P.S., Respondents.
No. 82163-1.
Supreme Court of Washington, En Banc.
May 7, 2009.
*672 Dennis W. Clayton, Spokane, WA, for Petitioners.
Robert F. Sestero II, Evans, Craven & Lackie, P.S., Spokane, WA, for Respondents.
PER CURIAM.
¶ 1 At issue is whether Charles Weber properly served Associated Surgeons, P.S., with his complaint for medical malpractice. We grant review and reverse the Court of Appeals, holding that service upon the registered agent's office manager satisfied RCW 4.28.080(9).
¶ 2 Weber alleged he suffered injuries from medical care he received from Dr. Michael Moore on November 29, 2002. At that time, Moore was a shareholder of Associated Surgeons. Dr. Greg Luna was Associated Surgeons's registered agent. The professionals associated with Associated Surgeons, including Moore and Luna, stopped providing services as Associated Surgeons at the end of 2004. Moore became a shareholder in the newly formed Surgical Specialists, P.S., in 2004, and he began practicing solely with Surgical Specialists in January 2005. Luna became a shareholder and began practicing with Inland Vascular Institute, a division of Inland Imaging Associates, P.S. But Associated Surgeons remained an active corporation listed with the secretary of state, and Luna remained listed as its registered agent.
¶ 3 On November 29, 2005, Weber sought mediation. One year later, he filed this medical malpractice suit against Associated Surgeons. Since Luna remained listed as Associated Surgeons's registered agent, Weber tried to serve him. Learning that Luna was then practicing with Inland Vascular, Weber served the summons and complaint on Inland Vascular's practice manager, Carol Braaten. Associated Surgeons moved for summary judgment, arguing that Weber's attempted service failed because Braaten was not an employee of Associated Surgeons. In a supporting affidavit, Braaten said that she was the practice manager for Inland Vascular in charge of the day-to-day administration of the practice and personnel. She also indicated that Luna was a shareholder and practicing physician with Inland Vascular, but that she did not personally schedule Luna's appointments and was not routinely involved in any of his medical, diagnostic, or clinical work.
¶ 4 The trial court concluded that Braaten was not authorized to accept service on behalf of Luna, and it granted summary judgment to Associated Surgeons. The Court of Appeals affirmed. Weber v. Associated Surgeons, P.S., 146 Wash.App. 62, 189 P.3d 817 (2008).
¶ 5 Personal service upon a corporation is accomplished either by serving the president or other head of the company or corporation, the company's registered agent, the corporate secretary, the cashier, or the managing agent, or by serving the secretary, stenographer, or office assistant of any of these persons. RCW 4.28.080(9). Failure to properly serve a defendant prevents the trial court from obtaining personal jurisdiction over the defendant. Crystal, China & Gold, Ltd. v. Factoria Ctr. Invs., Inc., 93 Wash. App. 606, 608, 969 P.2d 1093 (1999).
*673 ¶ 6 The Court of Appeals held that Braaten could not accept service for Luna in his capacity as registered agent of Associated Surgeons because Braaten did not work for Associated Surgeons and was not Luna's secretary or office assistant. We disagree. The statute does not require the corporation's registered agent or the agent's office assistant to work for the corporation being sued. Luna was the registered agent of Associated Surgeons, and Braaten was the office manager of the practice at which Luna worked. That Braaten did not personally schedule Luna's appointments or routinely deal with his medical, diagnostic, or clinical work at Inland Vascular did not preclude her from being Luna's office assistant. Luna was a shareholder physician at the practice, which employed Braaten as its administrative manager. Braaten qualified as Luna's office assistant. Therefore, Weber's service on Braaten was effective as service on Luna as the registered agent of Associated Surgeons.
¶ 7 The Court of Appeals is reversed, and the matter is remanded to the superior court for proceedings consistent with this opinion.