FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 JAN 16  AM 11: 23

## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| MARCEL MADDOX BEY, ) | No. 77153-1/Linked w/77154-0-I |
| ) | |
| Appellant, ) | DIVISION ONE |
| ) | |
| v. ) | |
| ) | |
| GUILD MORTGAGE COMPANY, ) | UNPUBLISHED OPINION |
| ) | |
| Respondent. ) | FILED: January 16, 2018 |

SPEARMAN, J. — Dismissal under CR 12(b)(2) and (5) is proper only where, due to insufficient service of process, the trial court lacks jurisdiction over a person. Dismissal under CR 12(b)(6) is warranted only where no facts exist that would justify recovery, as when there is some insuperable bar to relief. Marcel Maddox Bey appeals the dismissal of his claim against Guild Mortgage Company (Guild). Maddox Bey, however, fails to make a prima facie showing of sufficient service of process. He also fails to state a claim upon which relief may be granted. We affirm.

### FACTS

Maddox Bey defaulted on a home loan and the lender, Guild, recorded a notice of trustee's sale. The sale was scheduled for July 22, 2016. On July 20, Maddox Bey filed this action seeking to quiet title, naming Guild as a defendant. Maddox Bey declared that he rescinded his signature on the deed of trust and

was no longer liable for any debt arising from the deed. He also filed documents proclaiming that, as a Moorish-American, he was immune from taxation as well as criminal and civil jurisdiction of the United States.

Maddox Bey's complaint did not seek to enjoin the trustee's sale. The sale took place as scheduled on July 22 and DWA Investments, LLC, purchased the property.[1]

Guild moved to dismiss Maddox Bey's suit on the grounds that Maddox Bey failed to conduct personal service of process and the trial court thus lacked personal jurisdiction over Guild. CP at 339-40. Guild also asserted that Maddox Bey's complaint failed to state a claim upon which relief could be granted.

Maddox Bey did not respond to Guild's motion or attend the hearing. The trial court found that Maddox Bey failed to properly serve Guild and his complaint failed to state a claim. The court granted Guild's motion to dismiss. Maddox Bey appeals.

## DISCUSSION

We review de novo the trial court's conclusions that service was insufficient and that Maddox Bey failed to state a claim upon which relief may be granted. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014); Cutler v. Phillips Petroleum Co., 124 Wn.2d 749, 755, 881 P.2d 216 (1994) (citing Hoffer v. State, 110 Wn.2d 415, 421, 755 P2d 781 (1988)).

---

[1] In a related appeal, Maddox Bey challenges the trial court's issuance of a writ of restitution to DWA. See DWA Investments, LLC v. Marcel Maddox, No. 77154-0.

Maddox Bey appeals the trial court's grant of Guild's motion to dismiss. He does not, however, address the trial court's ruling on this motion. Instead, Maddox Bey raises several arguments to challenge the trustee's sale. He asserts that Guild failed to prove that it was the holder of the promissory note. Maddox Bey alleges that any contract between him and Guild is unenforceable due to duress and fraud. He contends Guild had unclean hands. He asserts that the trustee's sale was void and the trial court had the duty to vacate the void judgment. Maddox Bey also contends corporations and governments are fictitious persons that have no jurisdiction over natural humans. He appears to contend that he is not subject to the jurisdiction of the United States or the State of Washington and he has rescinded all contractual obligations. We decline to reach these arguments as beyond the scope of review and unsupported.[2]

The trial court granted Guild's motion to dismiss on two grounds. First, the trial court found that Maddox Bey failed to properly serve Guild with the summons and complaint. A plaintiff accomplishes personal service on a corporation by serving the head of the corporation, the company's registered agent, the corporate secretary, cashier, or managing agent. Weber v. Associated Surgeons, P.S., 166 Wn.2d 161, 163, 206 P.3d 671 (2009) (citing RCW 4.28.080(9)). Where a defendant challenges the sufficiency of service, the plaintiff has the initial burden of making a prima facie showing of proper service.

---

[2] The authority Maddox Bey cites, including the United States Constitution, the Bill of Rights, and the Washington State Constitution, provides no support for his claims that he is beyond the reach of the law and has not agreed to submit to the State's jurisdiction.

Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014) (citing

Streeter-Dybdahl v. Nguyet Huynh, 157 Wn. App. 408, 412, 236 P.3d 986

(2010)). A plaintiff may meet this burden by producing an affidavit of service. Id.

at 847-48. The burden then shifts to the defendant to demonstrate that the

service was insufficient. Id. at 847.

In this case, Guild challenged the sufficiency of service. Maddox Bey did

not respond. Maddox Bey failed to make a prima facie showing that service was

properly carried out and, on this appeal, Maddox Bey points to no evidence that

he properly served Guild.[3] The trial court did not err in granting Guild's motion to

dismiss based on insufficient service of process.

The trial court also granted Guild's motion to dismiss based on Maddox

Bey's failure to state a claim. A motion to dismiss for failure to state a claim

should only be granted where the plaintiff cannot prove any set of facts that

would justify recovery. Cutler, 124 Wn.2d at 755. This is the case where the

complaint demonstrates "'some insuperable bar to relief.'" Id. (quoting Hoffer, 110

Wn.2d at 421).

Maddox Bey's complaint seeks to quiet title on the grounds that he

rescinded the deed of trust. An action to quiet title is designed to resolve

competing claims of ownership. Walker v. Quality Loan Service Corp., 176 Wn.

App. 294, 322, 308 P.3d 716 (2013) (citing Kobza v. Tripp, 105 Wn. App. 90, 95,

---

[3] The record contains evidence that Maddox Bey served Guild's attorney. Maddox Bey points to no authority that personal service on a corporation may be accomplished by serving the corporation's attorney. See Weber, 166 Wn.2d at 163 (citing RCW 4.28.080(9)).

18 P.3d 621 (2001)). A plaintiff may only succeed on the strength of his own title, not on the weakness of his adversary. Bavand v. OneWest Bank, F.S.B., 176 Wn. App. 475, 502, 309 P.3d 636 (2013) (citing Desimone v. Spence, 51 Wn.2d 412, 415, 318 P.2d 959 (1957)). A borrower bringing a quiet title action against a lender must allege that he has satisfied loan obligations. Walker, 176 Wn. App. at 321-22; Bavand, 176 Wn. App. at 502.

In this case, Maddox Bey does not allege that he satisfied the loan obligations. He thus fails to assert a claim based upon the strength of his own title. Instead, he asks the court to declare the deed of trust void based on his unilateral rescission of his signature. He cites no authority recognizing unilateral rescission of signature as a ground to quiet title in a borrower against a lender.

In addition, Maddox Bey's complaint to quiet title essentially asks the court to set aside the foreclosure sale. But this relief is not available to a borrower who did not bring an action to enjoin the foreclosure sale. RCW 61.24.127. The borrower's failure to bring such an action waives any claim affecting the "the validity or finality of the foreclosure sale" if the borrower (1) received notice of the right to enjoin the sale; (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale; and (3) failed to bring an action to enjoin the sale. (Citing RCW 61.24.127(2)(c); Frizzell v. Murray, 179 Wn.2d 301, 306-07, 313 P.3d 1171 (2013); (quoting Plein v. Lackey, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003)).

Here, the record establishes that Maddox Bey received notice of the right to enjoin the sale. Maddox Bey's alleged defense to foreclosure, the rescission of

his signature, occurred before the sale took place. It is undisputed that Maddox Bey failed to bring an action to enjoin the foreclosure sale. Maddox Bey waived his right to contest the sale.

Maddox Bey's quiet title complaint fails to state a claim upon which relief may be granted because he fails to allege superior title to the property and because, by statute, he has no right to bring a postsale challenge to the foreclosure sale. The trial court did not err in granting Guild's motion to dismiss.

Affirmed.

WE CONCUR: