

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LYDIA LUTAAYA, | ) | No. 75863-2-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| | ) | |
| SUHRCO RESIDENTIAL | ) | |
| PROPERTIES; EMB MANAGEMENT; | ) | |
| AND RENTON POLICE DEPARTMENT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondents. | ) | FILED: April 23, 2018 |
| | ) | |

MANN, A.C.J. — Lydia Lutaaya appeals the superior court's dismissal of her complaint for violation of privacy and harassment against Suhrco Residential Properties, LLC (Suhrco), EMB Management, Inc. (EMB), and the Renton Police Department. The superior court dismissed Lutaaya's complaint for lack of personal jurisdiction due to insufficient service of process. We affirm.

## FACTS

In May 2014, Lutaaya filed a complaint seeking damages for "harassment" against Boeing Employees Credit Union and the Renton Police Department. The City of

Renton (City) moved to dismiss the action because Lutaaya failed to file a pre-suit claim for damages as required by RCW 4.96.020. The case was dismissed in July 2014.

In August 2015, Lutaaya filed a second complaint seeking damages for invasion of privacy and harassment against Suhrco, EMB, and the Renton Police Department. Lutaaya mailed a copy of the summons and complaint to the office of the attorney used by the City in the 2014 litigation, an attorney for Suhrco and EMB, and Suhrco and EMB's mailing address.

In October 2015, Suhrco and EMB moved to dismiss for lack of jurisdiction under CR 12(b)(2) and for insufficiency of service of process under CR 12(b)(5). At oral argument, Lutaaya admitted that she only served Suhrco and EMB by mail. On November 20, 2015, the superior court found that it did not have personal jurisdiction and dismissed Lutaaya's case against Suhrco and EMB.

The same day that the court dismissed Lutaaya's case against Suhrco and EMB, Lutaaya obtained and issued a subpoena duces tecum commanding the two entities to appear and bring their "internal notes, official transaction history, all correspondence whether to the media or to your office, recorded telephone conversations, and all pertaining to [sic] Lydia Lutaaya's A/C." On December 14, 2015, the superior court granted Suhrco and EMB's motion to quash the subpoena.

In June 2016, the City, on behalf of the Renton Police Department, moved to dismiss Lutaaya's complaint, based in part on the insufficiency of service. In response, Lutaaya admitted that she did not serve the City, but that she served the attorney who represented the City in her previous 2014 lawsuit against the City. She claimed that this service was proper because the previous lawsuit, which had been dismissed in July

2014, was "still pending." In August 2016, the trial court dismissed Lutaaya's claim for lack of personal jurisdiction. Lutaaya appeals.

## ANALYSIS

### Dismissal for Lack of Personal Jurisdiction

Lutaaya argues that the superior court erred in dismissing Suhrco, EMB, and the Renton Police Department based on insufficiency of service. We review a superior court's conclusion that service was insufficient de novo. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).

Proper service of the summons and complaint is a prerequisite to the superior court's jurisdiction over a party. Weber v. Assoc. Surgeons, P.S., 166 Wn.2d 161, 163, 206 P.3d 671 (2009). "Failure to properly serve a defendant prevents the trial court from obtaining personal jurisdiction over the defendant." Weber, 166 Wn.2d at 163.

Under RCW 4.28.080(2), service of a summons on a city can only be accomplished by delivering a copy to "the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk thereof." It is undisputed that Lutaaya mailed her summons and complaint to the office of a former city attorney. Because Lutaaya did not deliver a copy of her summons to any of the entities set forth in RCW 4.28.080(2), dismissal of the complaint against the City was appropriate.

Under RCW 4.28.080(9), personal service on a corporation is accomplished by delivering a copy of the summons to the president or other head of the company or corporation, the company's registered agent, the corporate secretary, the cashier, or the managing agent, or by serving the secretary, stenographer, or office assistant of any of

these persons. It is undisputed that Lutaaya mailed a copy of her summons and complaint to Suhrco and EMB's attorney and mailing addresses. Because Lutaaya failed to deliver a copy of the summons and complaint to any of the entities identified in RCW 4.28.080(9), dismissal of the complaint against Suhrco and EMB was appropriate.

### Subpoena Duces Tecum

Lutaaya argues also that the superior court erred in dismissing her subpoena duces tecum. We review a superior court's order granting a motion to quash a subpoena for abuse of discretion. Eugster v. City of Spokane, 121 Wn. App. 799, 807, 91 P.3d 17 (2004). A court abuses its discretion when its decision is based on untenable grounds or reasoning. Gunn v. Riely, 185 Wn. App. 517, 528, 344 P.3d 1225 (2015).

Because the superior court properly dismissed Lutaaya's action against Suhrco and EMB for lack of personal jurisdiction, there was no action pending before the court at the time Lutaaya obtained and issued her subpoena duces tecum. Because there was no action pending, the superior court did not abuse it discretion in quashing the subpoena.

We affirm.

_____ Mann, ACJ

WE CONCUR:

_____ Leach, J.    _____ Dwyer, J.