[No. 41242-6-I.    Division One.    January 19, 1999.]
CRYSTAL, CHINA AND GOLD, LTD., ET AL., *Appellants*, v.
FACTORIA CENTER INVESTMENTS, INC., ET AL., *Respondents*.

[18]RCW 2.06.040.

*Thomas G. Batson*, for appellants.

*Ross A. Radley* and *Kristen Dorrity*, for respondents.

COLEMAN, J. — This case requires us to evaluate the provision in the corporation service statute, RCW 23B.05.040, that permits service on the Washington Secretary of State if the corporation's registered agent is unavailable. The trial court found that Crystal, China and Gold, Ltd., had failed to properly serve Factoria Center Investments, Inc., and accordingly dismissed Crystal's suit. We reverse because Crystal's failure to serve the registered agent was

not the result of Crystal's lack of reasonable diligence, and service on the Secretary of State was therefore valid.

## FACTS

Crystal was a commercial tenant with a five year lease in property owned by Factoria. Crystal defaulted on the lease and surrendered the premises and contents to Factoria on April 4, 1994. Nearly three years later, on March 31, 1997, Crystal filed suit to recover the retained property.

Counsel for Crystal determined that the registered agent for the corporate defendant Factoria was Frank Colacurcio, Jr., and that the registered office was 8600 Lake City Way N.E., Seattle, WA 98115. Crystal hired a registered process server to serve the summons and complaint on April 4, 1997. Colacurcio was not at the office so the process server left the summons and complaint with Jennifer Reiber, a bookkeeper employed by Accurate Bookkeeping, after she allegedly said she was authorized to accept service.

On June 20, 1997, Factoria moved to dismiss for insufficient process because Jennifer Reiber was not authorized to accept service. On June 23, Crystal again attempted to personally serve Colacurcio at his business address, but Colacurcio was not present and the process server was told that Colacurcio would be out of the office until sometime during the week of June 30, 1997.

Since the 90-day statute of limitation for effecting service on a corporation had nearly run, Crystal checked the Seattle telephone directory and called directory assistance in an unsuccessful attempt to find Colacurcio's home address. Crystal then took advantage of the alternate service statute and delivered the summons and complaint to the Washington Secretary of State. *See* RCW 23B.05.040(2)(b).

## DISCUSSION

Failure to properly serve a defendant prevents the court from obtaining jurisdiction over the defendant. *Scott v.*

*Goldman*, 82 Wn. App. 1, 6, 917 P.2d 131 (1996). Constitutional due process concerns determine the minimum requirements for service, but statutory service requirements may add to the constitutional requirements. *Weiss v. Glemp*, 127 Wn.2d 726, 734, 903 P.2d 455 (1995). In this case, we are concerned with two statutes that govern the service of process on domestic corporations. The primary method of service to a corporation such as Factoria, that is not subject to other specific methods of service, is to serve a copy of the summons to the "president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW 4.28.080(9). The Washington business corporation act, chapter 23B RCW, separately provides that "a corporation's registered agent is the corporation's agent for service of process[.]" RCW 23B.05.040. If, after reasonable diligence, the corporation's registered agent cannot be found at the registered office, then service on the corporation may be effectuated by serving the Secretary of State. RCW 23B.05.040(2)(b).

The trial court found that Crystal failed to serve Factoria under either of the above-mentioned statutes. First, with respect to RCW 4.28.080(9), the court found that it was undisputed that the bookkeeper, Reiber, was not one of the enumerated persons to whom service could be made. On appeal, Crystal argues that service on Reiber substantially complied with the statute and that substantial compliance is all that is required. In support of its claim that the substantial compliance standard should be applied to RCW 4.28.080(9), Crystal cites our Supreme Court's holding that service on a nonresident adult child who is the sole occupant of a defendant's usual abode is sufficient to satisfy the substitute service provision of RCW 4.28.080(15). *Wichert v. Cardwell*, 117 Wn.2d 148, 812 P.2d 858 (1991).

■ *Wichert* is not persuasive in this instance. Unlike *Wichert*, where the issue involved interpreting the phrase

"then resident therein," this case requires a determination of whether a bookkeeper who works for a different company than the registered agent and accepts service on behalf of the registered agent complies with RCW 4.28.080(9). The *Wichert* court discounted the commonly accepted rule of statutory construction that statutes in derogation of common law are strictly construed by finding that the substitute service statute was evidence that the Legislature intended to change the common law and by construing "the statute as to give meaning to its spirit and purpose, guided by the principles of due process[.]" *Wichert*, 117 Wn.2d at 156. Here, the service statute for corporations communicates the Legislature's decision that only persons holding certain positions can accept service on behalf of a corporation. We find no justification that permits service of persons in unnamed occupations to satisfy the statute.

■ Next, the court found that Crystal did not exhibit reasonable diligence in trying to locate and personally serve the registered agent. Determination of reasonable diligence is a mixed question of fact and law. *See Martin v. Triol*, 121 Wn.2d 135, 150-51, 847 P.2d 471 (1993). Trial court factual determinations are reviewed for substantial evidence, while the application of the facts to the law is reviewed de novo.

Crystal argues that its two attempts to serve the registered agent were sufficient to satisfy the reasonable diligence requirement. Crystal recognizes that there are no Washington cases that discuss reasonable diligence with respect to attempts to serve a registered agent. Crystal looks to both foreign state cases discussing service on registered agents as well as Washington cases discussing due diligence in serving parties under the nonresident motor vehicle statute. Crystal's attempts to analogize this case with cases from other states are unpersuasive.

Unlike this case, two of the three cases relied upon by Crystal concerned facts where the corporation failed to comply with the statutory provisions pertaining to registered agents. *Harold-Elliott Co. v. K.P./Miller Realty*, 853 S.W.2d 752, 754-55 (Tex. Ct. App. 1993) (plaintiff not

required to serve registered agent at new address, even if known, when the registered agent failed to notify the Secretary of State of the new address); *Houston's Wild W., Inc. v. Salinas*, 690 S.W.2d 30 (Tex. Ct. App. 1985) (permitting service of process to be mailed to a corporation where the corporation used a post office box as its registered address and no one was present at the post office box to accept personal service). The third case relied upon by Crystal comes from Louisiana, where a statutory provision expressly states that a single attempt at service can satisfy the requirement for a diligent attempt if the officer attempting service certifies that he made a diligent attempt. *Hibernia Nat'l Bank v. Con-Agg Equip. Leasing Corp.*, 478 So. 2d 976, 979 (La. Ct. App. 1985).

■ Crystal next argues that reasonable diligence as used in the substitute service provision for serving a registered agent should be given the same meaning as due diligence in the nonresident motorist statute. We agree. Our Supreme Court, in addressing the term "due diligence" in the nonresident motorist statute, held that the term required the plaintiff to "make honest and reasonable efforts to locate the defendant" but "[n]ot all conceivable means need be employed." *Martin v. Meier*, 111 Wn.2d 471, 482, 760 P.2d 925 (1988). The Supreme Court again referred to this test in reversing the appellate decision in *Triol. See Triol*, 121 Wn.2d at 151, *rev'g* 63 Wn. App. 862 (1992). In *Triol*, the plaintiff tried to personally serve the defendants six times, including four attempts while the defendants were in Canada, prior to the running of the statute of limitation. *Triol*, 63 Wn. App. at 867. The appellate court in *Triol* declined to determine whether the plaintiff's attempts at service constituted due diligence, deferring to the trial court's duty to make factual determinations. *Triol*, 63 Wn. App. at 867. Upon review, the Supreme Court found that the facts were not in dispute and that the plaintiff's efforts were made in good faith and with due diligence. *Triol*, 121 Wn.2d at 151. According to the Supreme Court, the fact that the plaintiffs did not begin attempts at personal service until 5 days

prior to the 90-day expiration did not affect their diligence determination because "[t]heir inability to personally serve the Triols was not because of a lack of diligence, but was because the Triols were away from home on a boat sailing into Canadian waters." *Triol*, 121 Wn.2d at 150.

■ The trial court in this case cited both the appellate and Supreme Court opinions in *Triol* and expressly found that the two attempts at service were not sufficient to satisfy due diligence under the substitute service statute. In addition, Factoria argues that Crystal did not present evidence that it attempted to serve any of the other listed individuals that are authorized in RCW 4.28.080(9). Yet, there is no requirement for a plaintiff to attempt to serve additional individuals in order to satisfy the reasonable diligence standard of RCW 23B.05.040. Rather, RCW 23B.05.040 speaks only about service on a corporation's registered agent at the registered agent's office and permits service on the Secretary of State as the corporation's agent if the registered agent is unavailable after reasonable diligence. This is completely consistent with the theory that even if the officers of a corporation are difficult to locate, the corporation's registered agent will be locatable at his or her office.

While it is true that there could be cases where two attempts at service would not constitute due diligence, we find that the facts in this case are similar to those in *Triol* and, as a result, the trial court erred in finding that due diligence was not satisfied. In this case, the process server was informed that the registered agent would not be available to accept service until after the 90-day service period had expired. Crystal's attorney then unsuccessfully attempted to determine where the registered agent lived. Thus, just as in *Triol*, Crystal's inability to serve the registered agent was not a result of its lack of diligence but was a result of the registered agent not being available for service.

As a result, we find that the facts support a finding that Crystal attempted to serve the registered agent with rea-

sonable diligence prior to serving the Secretary of State. Accordingly, we reverse and remand for proceedings consistent with this opinion.

GROSSE and BECKER, JJ., concur.