# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GRAYS HARBOR DRUG TASK FORCE and GRAYS HARBOR COUNTY, | No. 53277-8-II |
| Respondents, | |
| v. | |
| REAL PROPERTY KNOWN AS 3010 SUMNER, HOQUIAM, LOCATED IN GRAYS HARBOR COUNTY, WASHINGTON and all appurtenances and improvements thereon, | UNPUBLISHED OPINION |
| Defendant in rem, | |
| TAO YUAN, INC., | |
| Appellant. | |

GLASGOW, J.—Grays Harbor County and the Grays Harbor County Drug Task Force (hereinafter collectively the County) began forfeiture proceedings against real property in Grays Harbor under chapter 69.50 RCW because the property had been used in a drug manufacturing operation or had been purchased with proceeds from that operation. Tao Yuan Inc. whose registered agent was Andy Zheng, owned the property. The County attempted to serve Tao Yuan through Zheng at the address on record with the Secretary of State but was unable to locate Zheng. The County then attempted service via certified mail, but the documents were returned as undeliverable. Ultimately, the County served Tao Yuan through substitute service on the Secretary of State.

The trial court entered an order of default and order of forfeiture in rem. Over two months later, Tao Yuan and Zheng moved to vacate the default orders. Zheng stated that he had been out of the state since late 2017 and never received notice of the proceedings against the property. The trial court denied Tao Yuan's motion.

Tao Yuan appeals arguing that the trial court erred by denying its motion to vacate the default order. Specifically, Tao Yuan contends that the default order is void because the County failed to comply with RCW 23.95.450 by not exercising reasonable diligence in locating Tao Yuan's registered agent before serving the Secretary of State and thus violated Tao Yuan's due process rights. We disagree and affirm.

FACTS

The County filed a complaint for forfeiture against real property owned by Tao Yuan under chapter 69.50 RCW because the property had been used in a drug manufacturing operation or had been purchased with proceeds from the operation. The property is located at 3010 Sumner, Hoquiam, Washington. Zheng was the registered agent for service of process for Tao Yuan. The address on record with the Secretary of State for Tao Yuan's principal office, Tao Yuan's principal mailing address, and Zheng's street and mailing addresses were all the same: 107 South Harbor Street, Aberdeen, Washington.

The County attempted to personally serve Tao Yuan through Zheng at that address three separate times but was unable to locate Zheng. The County then attempted service via certified mail, but the documents were returned as undeliverable. Ultimately, the County served Tao Yuan through substitute service on the Secretary of State.

After receiving no notice of appearance or response from Tao Yuan within 90 days, the County filed a motion for an order of default. The trial court granted the County's motion and entered an order of default.

Over two months later, Tao Yuan and Zheng filed a notice of appearance and motion to vacate the default order. Tao Yuan argued that the default order was void because Tao Yuan never received notice of the forfeiture action. Zheng's declaration stated that he had been out of the state since late 2017 and had arranged to have his mail forwarded to him in New York. While Zheng was in New York, the 107 South Harbor Street property was also forfeited due to illegal drug activity, and Zheng did not receive any mail addressed there. When Zheng returned to Washington in October 2018, he learned that the 3010 Sumner property at issue here was subject to forfeiture. Zheng went to the local police department where he obtained a copy of the complaint for forfeiture and the supporting declaration of Sergeant Joe Strong.

The trial court found that the County properly served Tao Yuan through the Secretary of State and denied Tao Yuan's motion to vacate the default order. Tao Yuan then moved for reconsideration, which the trial court denied.

Tao Yuan appeals.

## ANALYSIS

Tao Yuan argues that the trial court erred by denying its motion to vacate the order of default. Tao Yuan contends that the default order is void because the County failed to comply with RCW 23.95.450 by not exercising reasonable diligence in locating Tao Yuan's registered agent before serving the Secretary of State under RCW 23.95.450(4) and thus violated Tao Yuan's due process rights. We disagree.

## I. STANDARD OF REVIEW

"'Proper service of the summons and complaint is essential to invoke personal jurisdiction over a party, and a default judgment entered without proper jurisdiction is void.'" *Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 324, 877 P.2d 724 (1994) (quoting *In re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988)). Generally, we review a motion to vacate for abuse of discretion, but because courts have a mandatory, nondiscretionary duty to vacate void judgments, we review de novo a trial court's decision to deny a motion to vacate for lack of jurisdiction. *Wright v. B&L Props., Inc.*, 113 Wn. App. 450, 456, 53 P.3d 1041 (2002); *Ahten v. Barnes*, 158 Wn. App. 343, 350, 242 P.3d 35 (2010). We review de novo whether service of process was proper. *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). "Constitutional due process concerns determine the minimum requirements for service, but statutory service requirements may add to the constitutional requirements." *Crystal, China and Gold, Ltd. v. Factoria Ctr. Invs., Inc.*, 93 Wn. App. 606, 609, 969 P.2d 1093 (1999).

## II. STATUTORY COMPLIANCE

A.      Service on Corporations

Title 23 RCW is Washington's adoption of the Uniform Business Operations Code (UBOC) and governs the operation of corporations in Washington. RCW 23.95.405 requires a Washington corporation to maintain an in-state registered agent. The registered agent's name, street address, and mailing address must be filed with the Secretary of State. RCW 23.95.410, .415. If a registered agent changes either address, they are required to file a statement of change with the Secretary of State reflecting the new address. RCW 23.95.435.

RCW 23.95.450 provides that a represented business entity may be served by serving the entity's registered agent. If an entity's registered agent cannot with reasonable diligence be served, RCW 23.95.450(2) provides that the entity may be served by registered or certified mail addressed to the entity at the entity's principal office. RCW 23.95.450(3) provides a third option for service in the event service cannot be made on the registered agent or by certified mail: "If process, notice, or demand cannot be served on an entity pursuant to subsection (1) or (2) of this section, service may be made by handing a copy to the individual in charge of any regular place of business or activity of the entity if the individual served is not a plaintiff in the action." Finally, RCW 23.95.450(4) provides, "The secretary of state shall be an agent of the entity for service of process if process, notice, or demand cannot be served on an entity pursuant to subsection (1), (2), or (3) of this section."

B.    Reasonable Diligence

Tao Yuan argues that the County failed to comply with RCW 23.95.450 by not exercising reasonable diligence when attempting to serve Tao Yuan's registered agent. We disagree.

Reasonable diligence, as used in RCW 23.95.450(2), requires that the plaintiff make "honest and reasonable efforts to locate the defendant." *Wright*, 113 Wn. App. at 458. It does not, however, require that the plaintiff employ all conceivable means to locate the defendant. *Id*. The effort to locate a defendant "need not be exhaustive." *Id*. at 459.

Tao Yuan likens this case to *Davis v Blumenstein*, 7 Wn. App. 2d 103, 432 P.3d 1251 (2019). But *Davis* is distinguishable. *Davis* involved service under the nonresident motorist statute, which explicitly requires a plaintiff to attempt service on a defendant at all known addresses before relying on substitute service. *Id*. at 111; *see* RCW 46.64.040. There, Division One held that the

plaintiff failed to comply with the statutory notice requirements for substitute service when it did not attempt to serve the defendant at an out of state address known to the plaintiff's attorney. *Id.* at 116-17. Here there is no evidence that the County knew an alternative address at which it could serve Tao Yuan or even that Tao Yuan's registered agent had left the state.

This case is more like *Crystal*, 93 Wn. App. at 606. There, Division One held that Crystal exercised reasonable diligence in attempting to serve the defendant's registered agent when it made two attempts to serve the registered agent at its registered address before learning the agent would be out of the office until after the 90-day statute of limitations had run. *Id.* at 612. Crystal was unable to find the agent's home address and ultimately effected service on the Secretary of State in accordance with the substitute service statute. *Id.* (referencing former RCW 23B.05.040 (1989), which was recodified as RCW 23.95.450 with the adoption of the UBOC).

Here, the County exercised reasonable diligence before resorting to service on the Secretary of State. At all relevant times, the principal business address for Tao Yuan on record with the Secretary of State was 107 South Harbor Street. 107 South Harbor Street was also listed as the address for Tao Yuan's registered agent. Three separate attempts were made to personally serve Tao Yuan and its agent, Zheng, at that address, and the County also attempted service by certified mail before resorting to substitute service.

These four attempts complied with RCW 23.95.450's requirements for attempting service with reasonable diligence before resorting to service on the Secretary of State. The County attempted to personally serve the registered agent at his reported address, attempted personal service at the business's reported address, and attempted service by certified mail at the registered

agent's and the business's reported address. When these attempts failed, the County was entitled under the statute to serve the Secretary of State. RCW 23.95.450.

Tao Yuan argues that the County should have searched the Department of Licensing database or obtained Zheng's information from the public utility district to find an alternative address for Zheng. But these additional means of attempting to locate Zheng were not required to satisfy reasonable diligence. *See Wright*, 113 Wn. App. at 459. Tao Yuan was statutorily required to maintain an updated address for its registered agent on record with the Secretary of State. RCW 23.95.415, .435.

Moreover, nothing in the record suggests that any such endeavors would have been fruitful; Zheng left the state in 2017 and allegedly arranged for his mail to be forwarded from 107 South Harbor Street, suggesting that the 107 South Harbor Street address was Zheng's best mailing address in Washington. Just as in *Crystal*, the County's inability to serve Tao Yuan's registered agent was not a result of its lack of reasonable diligence, but rather a result of Tao Yuan's registered agent not being available for service.

Accordingly, we hold that the County used reasonable diligence when it attempted to serve Tao Yuan's registered agent prior to serving the Secretary of State and complied with RCW 23.95.450.

C.     Alleged Subsequent Service On Zheng

Tao Yuan also argues that when Zheng obtained a copy of the complaint for forfeiture from the police department it constituted service on him as Tao Yuan's registered agent and nullified the service on Tao Yuan through the Secretary of State. RCW 69.50.505(4) provides that a party has 90 days to file a claim of ownership or right to possession after it is served with a notice of

intended forfeiture of real property. Tao Yuan contends that the alleged service on Zheng restarted the 90-day time period for Tao Yuan to file a claim of interest in the defendant property. We disagree.

As an initial matter, the record does not support Tao Yuan's contention that the County effectuated personal service on Zheng. Zheng's declaration states that he was given a copy of the complaint for forfeiture and the declaration of Sergeant Strong. Nothing in the record indicates that the County directed that these documents be provided to Zheng at the police station. Zheng did not receive a copy of the summons, lis pendens, arrest warrant in rem, or any other document contained within the initial pleadings. Zheng's obtaining a copy of the complaint and declaration at the police station did not amount to service.

Moreover, Tao Yuan offers no authority for its contention that subsequent service of an entity's registered agent following the proper service of that entity through substitute service would nullify the original service. RCW 23.95.450 is clear—the Secretary of State may serve as the agent of an entity for service of process if the entity cannot otherwise be served. The County complied with RCW 23.95.450 and properly effectuated service on Tao Yuan through the Secretary of State on July 12, 2018. As a result, the time period for appearing and answering the complaint for forfeiture expired 90 days later. Zheng's late discovery of the action after returning to the state does not affect the expiration of the 90-day time period.

## III. DUE PROCESS

Tao Yuan contends that its constitutional due process rights were violated regardless of the County's compliance with RCW 23.95.450 because, under the circumstances, the County's attempts of service were not reasonably calculated to provide Tao Yuan notice. We disagree.

Statutory compliance does not preclude Tao Yuan from bringing an as-applied procedural due process challenge. *State v. Nelson*, 158 Wn.2d 699, 704, 147 P.3d 553 (2006). "'A constitutionally proper method of effecting substituted service need not guarantee that in all cases the defendant will in fact receive actual notice; what is essential is that the method of attempted service be reasonably calculated to provide notice to the defendant.'" *Wright*, 113 Wn. App. at 462-63 (quoting *Woodruff v. Spence*, 88 Wn. App. 565, 570-71, 945 P.2d 745 (1997)).

Tao Yuan had a statutory duty to maintain an in-state registered agent and keep its address on record with the Secretary of State. Tao Yuan failed to uphold this duty when Zheng left the state for over a year. As a result, the County was unable to personally serve Tao Yuan's registered agent despite three separate attempts and an attempt at service via certified mail. The constitutionality of relying on substitute service following reasonable diligence to locate a defendant is long settled in Washington. *See Wright*, 113 Wn. App. at 462-63; *see also Boss v. Irvine*, 28 F.Supp. 983, 984 (W.D. Wash 1939). Here, the County used reasonable diligence to serve Tao Yuan before resorting to substitute service.

We hold that the County's compliance with RCW 23.95.450 was reasonably calculated to provide notice to Tao Yuan and, therefore, Tao Yuan's due process rights were not violated. Accordingly, the trial court did not err by denying Tao Yuan's motion to vacate the order of default.

Finally, Tao Yuan requests attorney fees under RCW 69.50.505(6). But because Tao Yuan is not a substantially prevailing party in this proceeding, we deny its request.

No. 53277-8-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Sutton, A.C.J.

Cruser, J.