
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LYRA JEAN SPENCER, | ) | |
| | ) | No. 38858-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANKLIN HILLS HEALTH-SPOKANE, | ) | UNPUBLISHED OPINION |
| LLC, a Washington Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Lyra Jean Spencer filed a personal injury action against Franklin

Hills Health, LLC. Process server David Kenworthy attempted to serve the registered

agent for Franklin Hills, Jeremy Tolman, but instead served the human resources and

payroll manager, Sheri Flavel, because Tolman was unavailable. Franklin Hills then

brought a motion to dismiss on the basis of improper service of process under RCW

4.28.080(9). The motion was granted and Spencer brought a motion for reconsideration,

which was denied.

Spencer appeals, arguing that service on Flavel was proper under the statute

because Flavel was Tolman's office assistant or, alternatively, she was a managing agent

of Franklin Hills.  Franklin Hills contends that service on Flavel was improper because she is neither.

We conclude that Spencer has met her burden of making a prima facie showing of proper service with evidence that process was served on a human resource manager for the defendant.  Thus, the superior court erred in dismissing this case for improper service without holding an evidentiary hearing to determine if the manager was a managing agent or office assistant under RCW 4.28.080(9).

BACKGROUND

Because this motion to dismiss was brought by Franklin Hills, the following facts are set forth in a light most favorable to Spencer.

Spencer filed a personal injury action against Franklin Hills in July 2021.  David Kenworthy was retained by Spencer to serve Franklin Hills.  Kenworthy researched Franklin Hills and found that the registered agent was Jeremy Tolman.  A month after Spencer's action was filed, Kenworthy attempted service on Franklin Hills.  He asked for Jeremy Tolman and advised the initial person he spoke with that he had legal papers to serve on the company.  This person indicated that Tolman was unavailable.  "Ms. Flavel came [sic] to the front area and accepted the summons, complaint, interrogatories and case assignment notice.  She signed the case assignment notice [attached] with her name, the date of 8-10-21 and her position, HR Manager."  Clerk's Papers at 39.  Flavel did not indicate that she was not authorized to accept service.

2

In January 2022, Franklin Hills filed a motion to dismiss for failure to properly serve the summons and complaint pursuant to RCW 4.28.080(9). To support its motion, Franklin Hills included a declaration from Flavel. Flavel declared that as the human resources and payroll manager she served under the executive director, director of nursing services, and the business office manager. While she claimed that it was not until later that she learned that the papers she accepted included a summons and complaint, she did not dispute that she personally signed the case assignment notice that included the caption naming Franklin Hills as a defendant. She declared that she did not indicate to the process servicer that she was authorized to accept service and did not direct the process server to leave the papers with her.

A declaration from Christopher DePretis, the compliance officer for Franklin Hills, was also filed. DePretis declared that Tolman, in addition to being the registered agent, is the executive director of Franklin Hills.

A court hearing was held and the trial court considered the declarations of the parties, the court file, and the arguments of counsel. The court ultimately issued an order granting Franklin Hills' motion to dismiss and dismissed the case.

Spencer timely filed a motion for reconsideration, which the trial court denied. Spencer now appeals.

ANALYSIS

The sole issue on appeal is whether the trial court erred in holding that service on Flavel was insufficient under RCW 4.28.080.

Spencer argues that service on Flavel was proper because she was the office assistant to Tolman or, alternatively, because she was a managing agent pursuant to RCW 4.28.080(9). Franklin Hills contends that Flavel was neither an office assistant to Tolman nor a managing agent and that service was therefore ineffective. We conclude that Spencer made a prima facie showing of proper service with evidence that process was served on the defendant's human resource manager.

We review a trial court's decision to dismiss an action on legal grounds de novo. *Brundridge v. Fluor Fed. Servs., Inc.*, 109 Wn. App. 347, 352, 35 P.3d 389 (2001) (citing *In re Estate of Peterson*, 102 Wn. App. 456, 462, 9 P.3d 845 (2000)). "Failure to properly serve a defendant prevents the court from obtaining jurisdiction over the defendant." *Crystal, China & Gold, Ltd. V. Factoria Ctr. Invest., Inc.*, 93 Wn. App. 606, 608, 969 P.2d 1093 (1999).

When a defendant moves to dismiss an action based on insufficient service of process, "'the plaintiff has the initial burden [of] making a *prima facie* showing of proper service.'" *Witt v. Port of Olympia*, 126 Wn. App. 752, 757, 109 P.3d 489 (2005) (quoting 14 KARL B. TEGLAND, WASHINGTON PRACTICE CIVIL PROCEDURE § 4.40, at 108 (2004)). A plaintiff may make this initial showing by producing an affidavit of

4

service that on its face shows that service was proper.  *Id.*   If a plaintiff is able to make

this showing, then the burden shifts to the defendant "who must prove by clear and

convincing evidence that service was improper."  *Id.* (citing *State ex. rel. Coughlin v.*

*Jenkins*, 102 Wn. App. 60, 65, 7 P.3d 818 (2000); *Woodruff v. Spence*, 88 Wn. App. 565,

571, 945 P.2d 745 (1997)).

Strict compliance with RCW 4.28.080(9) is required for service to be effective.

*See Witt*, 126 Wn. App. at 757 ("[T]he Washington Legislature has said that under RCW

4.28.080(9), '[p]ersonal service must be made on the person designated by statute.'");

*Crystal, China and Gold, Ltd.*, 93 Wn. App.  at 610 ("[T]he service statute for

corporations communicates the Legislatures' decision that only persons holding in certain

positions can accept service on behalf of a corporation.").  Consequently, service on

individuals not specifically named in RCW 4.28.080(9) renders service ineffective upon a

corporation.  *Id*.

RCW 4.28.080(9) states:

> Service made in the modes provided in this section is personal service.  The
> summons shall be served by delivering a copy thereof, as follows: (9) If
> against a company or corporation other than those designated in subsections
> (1) through (8) of this section, to the president or other head of the company
> or corporation, the registered agent, secretary, cashier or **managing agent**
> thereof or to the secretary, stenographer or **office assistant** of the president
> or other head of the company or corporation, registered agent, secretary,
> cashier or managing agent.

(emphasis added).

Spencer contends that Flavel was either a managing agent of the clinic or the office assistant to Tolman and that service was therefore proper. Spencer has the burden of demonstrating a prima facie showing of proper service.

A. Historical Analysis

We first consider whether Flavel can be considered a "managing agent" of the defendant. Whether an individual is a managing agent of a corporation for purposes of accepting service pursuant to RCW 4.28.080(9) is a "'question [that] turns on the character of the agent, and, in the absence of express authority given by the corporation, on a review of the surrounding facts and the inferences which may properly be drawn therefrom.'" *Reiner v. Pittsburg Des Moines Corp.*, 101 Wn.2d 475, 477, 680 P.2d 55 (1984) (quoting *Crose v. Volkswagenwerk Aktiengesellschaft*, 88 Wn.2d 50, 58, 558 P.2d 764 (1977)).

Historically, Washington statutes have listed specific individuals who are authorized to accept service of process on a corporation. For more than 100 years, the list of authorized persons has included the corporation's president or other head of the company, secretary, cashier, and managing agent. *See Osborne & Co. v. Columbia County Farmers' Alliance Corp.*, 9 Wash. 666, 667, 38 P. 160 (1894). While the president of a company is a relatively distinct position, the character of a "managing agent" has never been defined with specificity.

6

More than one hundred years ago, in *Osborne*, our Supreme Court applied a narrow definition to the term managing agent. The Court held that a "managing agent" was one who managed the affairs of an entire corporation "and not some particular part or branch thereof only." *Id.*.

Sixty years ago, the narrow holding in *Osborne* was overruled as "an unrealistic holding in today's world of decentralization in business, banking, and industry." *Johanson v. United Truck Lines*, 62 Wn.2d 437, 441, 383 P.2d 512 (1963). Instead, the court cited with approval the definitions used by the trial court and a California court in *Roehl v. Texas Co.* 107 Cal. App. 691, 291 P. 255 (1930). The trial court had concluded that a managing agent is one who "'must have some substantial part in the management of its affairs generally or in a particular district or locality.'" *Johanson*, 62 Wn.2d at 440. The California court applied an even broader definition, noting that the term "managing agent" was not limited to one who manages the affairs of the corporation as a whole and did not "'necessarily exclude[ ] one in charge of a single department of the corporation's business.'" *Johanson*, 62 Wn.2d at 441 (quoting *Roehl*, 107 Cal. App. at 704). Ultimately, after considering the character of the position and the surrounding facts and inferences, the court concluded that a temporary branch manager qualified as a managing agent because he participated in the branch's management, had the authority to hire and fire most of the employees at his branch, had previously received service of process, and did not deny his authority to accept service. *Id*. at 440.

In *Johanson*, 62 Wn.2d at 440, the court cited with approval the authorities set forth in an A.L.R. annotation that provides:

> Where the statute specifies "a managing agent," it is generally considered that the representative of a domestic corporation need not have charge and management of all the business and operations of the corporation in order to be "a managing agent" thereof within the meaning of the statute relative to service of process; on the contrary, he will ordinarily be regarded as "a managing agent" if he is in charge of the corporation's property, business, and affairs in the locality in which he is stationed, or of some branch or division of its operations, and has powers of a managerial character in relation to that portion of the corporation's business.

C.T. Foster, Annotation, *Who Is "Managing Agent" of Domestic Corporation within Statute Providing for Service of Summons or Process Thereon*, 71 A.L.R.2d 178, § 3[b] at 186 (1960). *And see generally* 71 A.L.R.2d 178. In applying this rule, trial courts should keep in mind whether the "duties of the person on whom the process is served are such that the corporation would normally be informed that the service had been made." § 4416. Person or persons who may or must be served—Managing agent, 9 Fletcher Cyc. Corp. § 4416.

### B. Modern Character of a Managing Agent

With this background in mind, we hold that a person is a "managing agent" of a domestic corporation for purposes of RCW 4.28.080(9) if they are in charge of, or have managerial authority over the corporation's property, business, or affairs in a particular locality, branch, division, or significant department of the corporation's operations. As

8

we noted above, whether a person is a managing agent will be determined on a case-by-case basis that depends on the "'character of the agent, and, in the absence of express authority given by the corporation, on a review of the surrounding facts and the inferences which may properly be drawn therefrom.'" *Reiner*, 101 Wn.2d at 477 (quoting *Crose*, 88 Wn.2d at 58).

We now turn to whether Spencer made a prima facie showing that Flavel qualified as a managing agent under this rule. Flavel was the human resource manager of the defendant, Franklin Hills. By definition, a "human resources" department is "[a]n organization's department dealing with employment policies, training, and generally helping employees." BLACK'S LAW DICTIONARY, at 889 (11th ed. 2019). Under modern corporate structure, a human resource manager manages this particular department of the corporation, generally exercises independent judgment and discretion with respect to issues related to the corporation's human resources, and usually has input into hiring and firing decision, if not direct authority to make these decisions.

More specifically, the surrounding fact and inferences suggest that Flavel has managerial authority. When the process server appeared at Franklin Hills and indicated that he was there to serve Tolman with legal process, he was told that Tolman was unavailable. At this point, Flavel came to the front area and accepted the papers. Although she did not declare that she had authority to accept service, she identified herself as the human resource manager and did not deny authority to accept service. And

9

while Flavel claimed that she did not realize she was accepting service of process, she does not dispute that she personally signed the case assignment notice naming Franklin Hills as a defendant.

Flavel is the manager of a particular department of Franklin Hills' operations. As a human resource manager, it is reasonable to assume that when she signed for legal process, the corporation, i.e., her supervisors would be informed that she had been served with process. This is sufficient to make a prima facie showing of effective service and the superior court erred in failing to shift the burden to Franklin Hills to demonstrate at an evidentiary hearing that this person was not a managing agent for the corporation.

C. Office Assistant

Spencer also argues that Flavel qualified as an office assistant to the executive director and registered agent of Franklin Hills. Service upon a domestic corporation can also be accomplished by serving the "office assistant" to the registered agent or to the president or other head of a company. RCW 4.28.080(9). Similar to the term "managing agent," the term "office assistant" has been used for over a century but is not well-defined. Nevertheless, case law indicates that an office assistant to a president or registered agent is someone who answers directly to those positions and would have responsibility to ensure that communications are delivered to those persons.

In *Witt*, the petitioner served a 17-year-old high school intern who was working behind the front desk and performing office tasks at the respondent's office. 126 Wn. App. at 755. The court recognized that being an office assistant was not enough. Instead, the statute requires the person to be an office assistant to particular positions that are enumerated in RCW 4.28.080(9). While the intern in *Witt* "may have occupied a position similar to an office assistant," there was no evidence that the intern was an office assistant to one of the particular persons enumerated in RCW 4.28.080(9) and was therefore not qualified to accept service of process. *Id*. at 758.

In *Weber v. Associated Surgeons, P.S.*, 166 Wn.2d 161, 163, 206 P.3d 671 (2009) (per curiam), the defendant physician was a shareholder of Associated Surgeons. The registered agent for Associated Surgeons was a shareholder and worked at Inland Vascular. The plaintiff served a person described as the practice manager, officer manager, or administrative manager of Inland Vascular. In a per curiam decision, the Supreme Court reversed our decision and held that since the registered agent was also a shareholder at Inland Vascular, which employed the administrative manager, the administrative manager qualified as the registered agent's office assistant. *Id*. at 164.

Here, Flavel is the human resource and payroll manager for Franklin Hills and serves under the direction of Tolman, the executive director and registered agent for the defendant. In arguing that Flavel was not a managing agent, Franklin Hills refers to her as an employee who worked under the supervision of others, including Tolman. Neither

party attempts to define the general duties of an office assistant under a modern corporate structure. Given the statute's language that persons authorized to accept service on behalf of a domestic corporation include a secretary or office assistant to the head of the corporation or managing agent, the legislature was ensuring that service is made upon specifically identified persons who represent the corporation and exercise independent judgment and discretion, or persons who work directly under the supervision of those who are identified within the statute. Thus, while the conclusion in *Weber* lacked analysis or a definition, the court concluded that an administrative manager of the office where the registered agent was a shareholder qualified as an office assistant.

Likewise, even if Flavel is not a managing agent, she worked under the direct supervision of the registered agent and executive director and, as the human resource manager, would be responsible for ensuring that important communications are delivered to those persons. Thus, Spencer has made a prima facie showing that Flavel is an office assistant.

We hold that Spencer has met her burden of demonstrating a prima facie showing of valid service. We remand to the superior court where Franklin Hills will have an opportunity to show by clear and convincing evidence that Flavel was not authorized to accept service.

No. 38858-1-III
*Spencer v. Franklin Hills Health-Spokane, LLC*

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.